NORA L. ADAMS *v.* CHARLES W. AVERILL.

October Term, 1913.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed November 5, 1913.

*Negligence—Injury to Person on Street—Automobile—Contrib-utory Negligence—Proximate Cause.*

Where plaintiff had safely passed in front of defendant's automobile, in going from the sidewalk to where she could board an electric car that stood 18 feet from the curbstone, and then defendant, in avoiding another pedestrian, ran his automobile against plaintiff, her negligence in going in front of the automobile was not the proximate cause of her injury, and so will not bar her recovery.

It cannot be held, as matter of law, that defendant was free from negligence where it appeared that he was running an automobile

through the main street of a city at a speed of at least eight miles an hour, and, in avoiding another pedestrian, ran against plaintiff as she stood about 18 feet from the sidewalk to board an electric car.

CASE for negligence. Plea, the general issue. Trial by jury at the March Term, 1913, Washington County, *Fish*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. At the close of the evidence the defendant moved for a directed verdict. Motion overruled, to which the defendant excepted. The opinion states the case.

*S. Hollister Jackson* for the defendant.

Plaintiff was guilty of contributory negligence. She could have seen the approaching automobile, if she had looked, as she left the sidewalk. *O'Reilly* v. *Davis,* 136 App. Div. Rep. (N. Y.) 387; *Hannigan* v. *Wright,* 63 Atl. 234; Huddy on Automobiles, (2nd Ed.) 140, 141; *Zoltawsky* v. *Gzella,* 159 Mich. 620; *Henderson* v. *Railway,* 116 Mich. 368; *Wolfe* v. *Ives,* 83 Conn. 174; Huddy on Automobiles, (3rd Ed.) 180, 181.

*Richard A. Hoar* and *J. Ward Carver* for the plaintiff.

"A traveler in attempting to cross a street has the right to assume, in the absence of anything to the contrary, that other persons using the highway will use a proper degree of care toward him. And when there is a collision upon the highway, the question whether there is negligence upon the part of either of the actors is ordinarily a question of fact for the jury." Huddy on Automobiles, (3rd Ed.) 182; *Hennessey* v. *Taylor,* 189 Mass. 583; 3 L. R. A. (N. S.) 345 and note; *Rogers* v. *Philips,* 206 Mass. 308. It is the duty of a person operating an automobile who sees a street-car standing at a regular stopping-place, to exercise very great care in passing it, to avoid injury to persons going to or from it. Huddy on Autos, 190; *Shamp* v. *Lambert,* 142 Mo. App. 567; *Rose* v. *Clark,* 19 West, L. R. 456.

WATSON, J. At the close of the evidence, the defendant moved for a verdict on the grounds (stated in abridged form),

(1) that there was no evidence tending to show the plaintiff free from contributory negligence; and (2) that there was no evidence tending to show negligence on the part of the defendant. On exception to the overruling of this motion the case is here.

It appears from undisputed evidence that at the time of the accident in question the defendant was operating his automobile in North Main Street in the City of Barre. He came into that street quite a distance north of the place of the accident, and was proceeding southward in the right hand side of the street, and at the right of the track of the electric railroad, there extending along practically in the center of the street. It was some minutes past noon. The plaintiff and her companion, one Mrs. Baldwin, had been waiting in a store just a little north of a stopping place for the electric cars, intending to take the next car northerly towards their homes. The plaintiff, hearing or seeing an electric car coming from the south and going northerly, spoke to her companion and hurried out to stop it, going along the sidewalk to a point opposite where the cars stop. At that place the distance from the curbstone at the edge of the street to the line of the running board of the open electric cars on the track, was eighteen feet. The defendant, in his automobile, was coming up the street from the north, the machine being not more than five and one-half feet wide. From the place of the accident northerly, the street is straight for a long distance, the day was clear, the plaintiff's eyesight good, and there was nothing to obstruct her view in that direction when on the sidewalk just before stepping into the street.

The evidence immediately touching the happening of the accident, will be stated according to its fair and reasonable tendency most strongly in favor of the plaintiff. She testified in effect that just before stepping off the curbstone into the street to go over to the electric car track to stop the car, she looked southerly, but neither saw nor heard an automobile coming. From this it is argued in defence, that she could not have been looking as the exercise of due care required, for if she had been, she must have seen the defendant's automobile coming in plain sight only some fifteen feet away, and she will be charged with seeing what, in the exercise of such care, she ought to have seen. This position of the defendant may be sound in law (see *Labelle v. Central Vermont Ry. Co.*, 87 Vt. 87, 88 Atl. 517); and yet

not decisive of the case; for the plaintiff further testified in substance that she had in fact crossed from the sidewalk to the electric track, and was about to get aboard the car when injured; and the testimony of Mrs. Baldwin was, that she and the plaintiff, being shopping together, were in the store just before the accident, waiting for an electric car on which to ride home; that the plaintiff went out of the store a little ahead of the witness, to stop the car, the latter staying behind to get a drink of water; that after the witness came out of the store she saw the plaintiff standing right by the electric car they were to take, at its place of stopping; that just as the witness started to step off the sidewalk into the street to go to the car, she saw the defendant's automobile come "right up close" to her, whereupon she stepped back because if she had not the automobile would have hit her; that it "came right up to" her and then turned to the left and hit the plaintiff who was standing right side of the electric car; that the car was then standing still, and the plaintiff was just getting ready to get onto it; that the defendant's automobile was going so fast that it startled the witness, and she saw it hit the plaintiff; that it came along close to the curbstone where the witness was, and then it took a quick turn towards the plaintiff and hit her. In cross-examination the witness testified in effect, that she thought the defendant, in trying to get out of her way, turned his machine and ran against the plaintiff. Another witness testified that at the time of the accident he was standing on the sidewalk, the other side of the street, and very nearly opposite where the electric car stood on the track; that he saw the electric car coming down, and the plaintiff "standing out in the road,—came out from the sidewalk,"—standing there, witness supposed, "to stop the car"; that just before the car got to her, another lady came out, the automobile came up on that side, and this lady went to step off, and she jumped back, and then the witness saw the plaintiff fall. This witness testified that he first saw the automobile coming up the street when it was (as appears from the plan in the case) some more than eighty feet north of the place of the accident; that just before the accident it passed from his view behind the electric car; and that he judged it was going twelve miles an hour.

Thus the evidence on the part of the plaintiff fairly and reasonably tended to show that when injured she had safely

passed in front of the automobile from the sidewalk to the place of getting aboard the electric car, eighteen feet from the curbstone, and that she was injured when standing beside the car by the defendant's turning his machine away from the curbstone and towards her to avoid hitting Mrs. Baldwin, who was stepping into the street from the sidewalk. With these facts established, however negligent the plaintiff may have been in going in front of the automobile, such negligence did not proximately contribute to her injury, and does not prevent a recovery. *Kiley* v. *Rutland R. R. Co.*, 80 Vt. 536, 68 Atl. 713, 13 Ann. Cas. 269.

On the question of defendant's negligence, in addition to plaintiff's evidence tending to show the speed of the automobile to have been twelve miles an hour, was the testimony of the defendant that it was eight miles an hour, and that he stopped the machine as soon as he possibly could after seeing the plaintiff step off the sidewalk into the street, some fifteen feet ahead of it. The defendant further testified that when a little distance back he saw the electric car coming, and knew the place of the accident to be approximately where cars stop for people to get off and on; that his machine was twelve feet long, weighing twenty-five to twenty-eight hundred pounds, and equipped with a 1912 model brake. The place of the accident was in the principal business street, and within the central business portion, of the city.

In view of the circumstances, it cannot be said as a matter of law that the speed of eight miles an hour was within the exercise of due care, to say nothing of the evidence of greater speed. Whether upon the whole evidence the defendant was in the observance of such care, was for the jury to determine.

*Judgment affirmed.*