SCHNEIDER, Appellant, vs. STEINDLER, Respondent.

*October 20—November 17, 1925.*

*Automobiles: Negligence: Excessive speed: Lack of tire chains: Questions of fact for court.*

1. In an action arising out of a collision between automobiles, where the defendant conceded that he did not attempt to diminish his speed or control his car by means of the brakes, his negligence was established, and must be taken as a proxi-mate cause of the collision as a matter of law; and the evidence is *held* to justify the findings of the trial court as to the negligence of the plaintiff in respect to speed.   p. 131.
2. Such finding of the trial court with respect to plaintiff's negli-gence, which is supported by the evidence, cannot be dis-turbed on appeal.   p. 132.
3. Where the streets at the time of the collision were covered with snow, and plaintiff had not equipped his tires with chains, a question of fact as to his negligence was presented to the trial court.   p. 133.

APPEAL from a judgment of the circuit court for Mil-waukee county: JOHN J. GREGORY, Circuit Judge.   *Affirmed in part; reversed in part.*

This is an appeal by the plaintiff from a judgment affirming a judgment of the civil court dismissing plaintiff's complaint and awarding judgment in defendant's favor on his counterclaim.

Hadley street is an east-and-west highway in Milwaukee, being about thirty feet in width from curb to curb, and Eighteenth street, being likewise thirty feet wide, intersects Hadley street at right angles. While the plaintiff was operating a Nash touring car east on Hadley street and the defendant a Haynes touring car south on Eighteenth street, the two cars collided near the southeast corner of the intersection. The plaintiff charges as negligence excessive and unlawful speed and failure to control, and the defendant in his counterclaim charges plaintiff with excessive and unlawful speed and failure to use chains so as to prevent skidding.

On the day of the collision snow covered Eighteenth street north of Hadley street to a depth of ten inches, and cars were operated on such street in two tracks or grooves located east of the center line of said street. Owing to the physical situation described the defendant followed the grooves or tracks until he arrived at the north crosswalk of Eighteenth street and then continued in a straight line over Hadley street. He testified that while operating his car both north and south of the north crosswalk his speed was between eighteen and twenty miles an hour and that he did not apply his brakes or diminish his speed until the collision occurred. The plaintiff and two of his witnesses testified that the defendant's car was operated at a speed of between twenty and twenty-five miles an hour, so that all of the witnesses at the trial testified that the defendant's car was operated at a speed in excess of fifteen miles per hour.

The plaintiff claimed (and such claim is corroborated by the two witnesses who were passengers in his car) that when he arrived at or about the west crosswalk of Hadley street he had practically stopped his car, and then proceeded over

the crossing at a rate of speed not to exceed eight miles per hour. Both cars were badly damaged, and after the collision plaintiff's car stopped near the southeast corner of the intersection, just south of the south crosswalk, and faced south, and the defendant's car proceeded over the curb at such intersection and ran up against a tree located a short distance from the southeast corner.

The trial court in its findings exonerated the defendant from negligence, and found the plaintiff negligent both as to the speed of his car and his failure to equip the same with chains. Thereupon judgment was entered dismissing plaintiff's complaint and awarding the defendant judgment on his counterclaim. Plaintiff appealed to the circuit court, and upon a review of the record the latter court affirmed the judgment of the civil court.

Further facts will be referred to in the opinion.

For the appellant there was a brief by *Gugel & Greenthal* of Milwaukee, attorneys, and *T. M. Thomas* of Ladysmith, of counsel, and oral argument by *F. H. Gugel*.

For the respondent there was a brief by *George E. Ballhorn*, attorney, and *George H. Katz*, of counsel, both of Milwaukee, and oral argument by *Mr. Katz*.

DOERFLER, J. A situation rather unusual in automobile collision cases is here presented by the defendant's repeated frank admissions as to the speed of his car. He also, with equal firmness and frankness, conceded that he made no attempt to diminish his speed or to control his car by means of his brakes. No witness at the trial contradicted him in this behalf. It would thus appear that defendant's negligence, both as to speed and failure to control, was established as a verity in the case, and such negligence, under the facts of this case, must be taken as a proximate cause of the collision as a matter of law. *Ortmann v. A. Leath & Co:* 187 Wis. 616, 205 N. W. 397. And when the learned circuit judge in his opinion draws an inference

from the testimony of one Raabe, a passenger in plaintiff's car, to the effect that the plaintiff started to proceed over the crossing at a rate of eight miles an hour, while the defendant was still thirty feet north of the north crosswalk, such inference is not sufficient to overcome the uncontradicted testimony of all of the witnesses that the defendant operated his car at an excessive and unlawful rate of speed; and this appears particularly true when we consider the testimony on which the plaintiff's negligence is based.

Both the civil court and the circuit court place great reliance upon defendant's testimony, and his frank admissions, contrary to his own interests, fully warranted such reliance. He testified that when he was thirty feet north of the north crosswalk he looked to the west and saw plaintiff's car at an alley about 120 feet west of the west crosswalk; that plaintiff's car at that time was proceeding at a very "rapid gait;" and that when plaintiff arrived at the west crosswalk his car started to skid, and skidded over the entire length of Hadley street up to the point of collision. One Muldoon, a witness for the defendant, who appeared upon the scene shortly after the collision, testified that he saw the skid marks from the west crosswalk clear up to the southeast corner of the intersection, and that such skid marks were plainly visible and pointed to the southeast. If this testimony of the defendant and of the witness Muldoon be accorded credence, the plaintiff must have proceeded from a distance of 120 feet west of the west crosswalk at an unlawful and excessive rate of speed, and the skid marks are persuasive that he applied his brakes at such west crosswalk, resulting in the skidding.

One of two situations must be taken as the truth. Either the learned circuit court's inference as to comparative speed is correct, or the testimony of the defendant and the witness Muldoon as to the excessive speed of the plaintiff is correct. We are convinced that the latter is entitled to the greater credence, and justified the findings of the trial court as to .

plaintiff's negligence on the subject of speed. Such finding, therefore, cannot be disturbed. Admittedly the plaintiff had not equipped his tires with chains, and this presented a question of fact for the trial court to determine. Huddy, Automobiles (6th ed.) p. 402.

*By the Court.*—The judgment of the circuit court dismissing plaintiff's complaint is therefore affirmed; while the judgment on defendant's counterclaim is reversed. Plaintiff is allowed his costs and disbursements on this appeal.