TROTT RALPH KING

*vs.*

WOLF GROCERY COMPANY

ANNIE A. KING *vs. Same*

Cumberland.    Opinion April 19, 1927.

*The skidding of a motor vehicle does not of itself prove negligence of the driver, nor the fact alone that the vehicle at the time did not have on skid chains. All the circumstances must be taken into consideration.*

Where, however, as in the instant case, a driver of a truck, when the streets were slippery, is driving with the wheels on one side within the tracks of a street railroad, sees·a pedestrian standing in the street within four or five feet of his course and at a point where he must make a sharp turn to the right to enter another street, which will bring the rear end of the truck toward the pedestrian and will swing the rear wheels of the truck over the car tracks just as the rear end of the truck is passing the pedestrian, it is a question for a jury as to whether the driver, in so operating the truck under such conditions, in case it skids or slues as the wheels pass out over the car rails and injures the pedestrian, is in the exercise of due care.

On exceptions. Two actions in tort for negligence, one brought by Annie A. King to recover for personal injuries, the other brought by her husband for damages arising out of said personal injuries,

sustained when said Annie A. King was struck by a motor truck owned by the defendant and operated by its agent and servant at the intersection of Middle and Cross streets in Portland on December 12, 1924. At the conclusion of the plaintiff's case on motion of the defendant a non-suit was granted and plaintiff excepted. Exceptions sustained.

The case fully appears in the opinion.

*William H. Gulliver, John B. Thomes and William B. Mahoney,* for plaintiffs.

*Oakes & Skillin,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BASSETT, JJ.

WILSON, C. J. Actions to recover for loss of services by the husband and for injuries by the wife. At the close of the plaintiffs' case, the actions being tried together, the defendant moved for a non-suit, which the Court granted. The case is here on plaintiffs' exceptions.

The issue here is whether, taking the evidence most favorably for the plaintiffs, verdicts in their favor could be permitted to stand. *Whittemore* v. *Merrill,* 87 Me., 456; *Marden* v. *Street Railway,* 100 Me., 41, 52.

On the 12th day of December, the plaintiff Annie A. King was crossing Middle Street in the city of Portland on a crosswalk or within the space marked off for pedestrians at the junction of Middle, Free, and Cross Streets. At this point there are two parallel tracks of the street railroad and a spur track turning off to the right into Cross Street which increases the number of rails on the side of the street on which the truck was running. As she stepped from the sidewalk onto the street, she saw the defendant's truck approaching from Monument Square and on the opposite side of the street. Thinking she had a sufficient time to cross before the truck reached the crosswalk, she continued on her way. As the truck neared the crosswalk on Middle Street, it slowed up or stopped to permit other pedestrians to cross who were ahead of Mrs. King, and then started up. Mrs. King stopped some four or five feet from the course the truck was then taking to let it pass. The truck was running with the two wheels, on the side next to Mrs. King, between the street car rails, and as it passed her, it turned sharply to the right to go into

Cross Street. The rear tires on the truck were worn smooth, and there were no skid chains on. The streets were icy and slippery. As the rear wheels of the truck passed over the southerly rails of the car tracks, it began to skid or slue. The tailboard of the truck was down, and extended out beyond the rear of the body of the truck about two feet. In turning to go into Cross Street, it swung the rear end of the truck toward Mrs. King, and as the rear wheels skidded, the tailboard hit her a blow in the side, knocking her down and causing the injuries of which she complains.

The declaration sets forth as the cause of the accident that the defendant's truck was being driven at a very rapid rate of speed in the car tracks of the street railroad, without chains on the rear wheels, and that the defendant's servant carelessly and negligently pulled its forward wheels out of the car tracks, causing it to skid and striking the plaintiff. There is no evidence of rapid driving. The negligence of the defendant if established at all, is by reason of his turning sharply to the right to go into a side street just as he was passing a pedestrian standing in the middle of the street, in plain view, on the space reserved for pedestrians, within four to six feet of his course, if he had continued along Middle Street, with a truck body and a tailboard down and extending out at least two feet beyond the body, with his wheels between steel rails, his rear tires worn smooth and without skid chains on, and with the probability of skidding on a slippery street as the rear wheels passed out and over the car rails.

It is not a case where the rule of *res ipsa loquitur* applies. The mere skidding of a motor vehicle does not of itself prove negligence of the driver. All the circumstances must be taken into consideration. However, from the evidence presented by the plaintiff, including a plan of the locus, and the reasonable deductions therefrom, we think, taking all the evidence most favorably for the plaintiffs, a jury might have found that the streets were slippery, that Mrs. King was in the exercise of due care in stopping four to six feet from the apparent course of the truck, that defendant's servant must have seen her standing there, and that he did not exercise due care in turning the truck sharply to the right just as he passed her to go down Cross Street, which of necessity would swing the rear end of the truck body some distance toward Mrs. King, and that he should have anticipated that the rear wheels of his truck in coming out over the steel rails, with the slippery condition of the street, without any skid chains on,

and with the tires worn smooth, would be likely to skid or slue toward Mrs. King.

If a jury upon such evidence had found that a reasonably prudent man would not have attempted to sharply swing a truck out of car rails under the circumstances, knowing there was a person standing within the range of a very slight skid or slue, we do not think · we could say they were clearly wrong.    It is a question upon which reasonable, fair-minded men might differ, and was, therefore, a question for the jury.    Berry on Automobiles, 5th Ed., Sec., 235; *Gross* v. *Burnside*, 186 Cal., 467; *Schneider* v. *Steindler*, 188 Wis., 129, 133; Huddy on Automobiles, 8th Ed., Sec. 429.

*Exceptions sustained.*