ERNEST WILLIAMSON *v.* R. LYNN CLARK.

November Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed February 13, 1931.

*John J. Finn* and *H. William Scott* for the plaintiff.

*Theriault & Hunt* for the defendant.

THOMPSON, J.   The plaintiff seeks to recover damages for injuries he received when the Oakland touring car he was driving collided with the defendant's truck on South Main Street in the city of Barre on September 9, 1929.   At the close of the plaintiff's evidence the court directed a verdict for the defendant.   The plaintiff excepted.

There is very little dispute, if any, as to the facts of the case.   In the vicinity of the place of collision South Main Street is twenty-seven feet and two inches wide and has a cement sur-

face with cement curbings on each side. The street runs northerly and southerly. There is a steep hill in the street sloping northerly. Near the foot of it Boynton Street extends easterly from South Main Street. The collision occurred nearly opposite the intersection of the streets. It occurred in the forenoon and it was raining hard at the time. The defendant's truck is a large truck of the type used for transporting granite in that vicinity, and is twenty-one feet long. It was being operated by one Alfred Higgs, an employee of the defendant.

The plaintiff was traveling northerly down the hill at a rate of speed between fifteen and twenty miles an hour, and was on his right of the center of the street at all times. The defendant's truck was traveling southerly. A Ford car was directly ahead of the truck, and a Star car directly ahead of the Ford. The driver of the Star car went into Boynton Street. As he approached a point opposite the intersection of the street he signalled with his hand that he was going to stop or make a left turn and stopped his car. He then turned to his left, crossed South Main Street safely, and passed into Boynton Street. When the driver of the Star car signaled with his hand, the driver of the Ford signaled that he was about to stop and did stop. When the driver of the Star car passed in toward Boynton Street he proceeded on his way. When Higgs saw the signal of the driver of the Ford, he immediately applied the foot and emergency brakes on the truck, and the truck skidded immediately so that it was diagonally across the westerly half of the street with its forward end a few feet easterly of the center of the street and directly in the path of the Oakland car. The collision followed almost instantly. When Higgs applied the brakes, the truck was, and had been for some distance, traveling at a rate of speed between fifteen and twenty miles an hour.

David Stevens, who was riding on the driver's seat of the truck with Higgs, testified: "We were coming up South Main Street going toward Williamstown in the truck, and it was raining pretty heavy at the time; came along, and suddenly Mr. Higgs applied his brakes, both foot and emergency brake, and a Ford car in front of us slowed up, and we gradually approached that car when Mr. Higgs applied his brakes which swung or skidded the truck partly over the center of the road." He also testified that the Ford was three or four feet ahead of

the truck when the cars collided; that he first saw the Oakland car when it was five or ten feet in front of the truck, and "then came the crash." The plaintiff testified that he did not see the truck until he passed the Ford, "and it was just as I got by the Ford car I seen a green flash in front of me, I don't remember any more"; that by "green flash" he meant, "Green truck, green front of the truck."

Two of the acts of negligence alleged in the plaintiff's complaint as the proximate cause of the collision are that the defendant "carelessly, negligently and imprudently operated his said automobile at an imprudent, careless and negligent rate of speed; with said car wholly beyond proper control."

Two of the grounds for a directed verdict are that it appears from the uncontradicted evidence that the truck did not skid by reason of the speed at which it was traveling, but because the brakes were applied, and that was the prudent thing for the driver to do; and that there is nothing shown in the evidence but what Higgs had the truck "under perfectly proper control." The court directed the verdict on both grounds of the motion.

It is true, as claimed by the defendant, that the mere fact that the truck skidded does not of itself constitute evidence of negligence on the part of the defendant. *Hatch* v. *Daniels*, 96 Vt. 89, 117 Atl. 105; *Kelleher* v. *Newburyport*, 227 Mass. 462, 116 N. E. 806, L. R. A. 1917F, 710; *Burke* v. *Cook*, 246 Mass. 518, 41 N. E. 585; *White* v. *Ciriaco*, 105 Conn. 553, 136 Atl. 70; *Simpson* v. *Jones*, 284 Pa. St. 596, 131 Atl. 541. And so the doctrine of *res ipsa loquitur* does not apply. *Barret* v. *Caddo*, 165 La. 1075, 116 So. 563, 58 A. L. R. 261; *King* v. *Wolf Grocery Co.*, 126 Me. 202, 137 Atl. 62; *Reardon* v. *Boston El. Ry. Co.*, 247 Mass. 124, 141 N. E. 857. See *Houston* v. *Brush*, 66 Vt. 331, 342, 29 Atl. 380.

It cannot be questioned that ordinary care requires an automobile driver to have his machine under reasonable control so as to avoid injury to other travelers having equal rights in the highway; and that reasonable control requires that the speed of the car shall be reasonable under the circumstances. *Adams* v. *Averill*, 87 Vt. 230, 88 Atl. 738; *Higgins, Admr.* v. *Metzger*, 101 Vt. 285, 143 Atl. 395; *Cox* v. *Reynolds* (Mo. App.), 18 S. W. (2d) 575. In Huddy on Automobiles (7th ed.), § 538, it is said: "The speed of the vehicle is the critical

element in determining whether it is under control." In *Lorah* v. *Rinehart*, 243 Pa. St. 231, 234, 89 Atl. 967, 968, the court, in holding that a reasonable rate of speed depends upon the circumstances of the case, said: "The very purpose in running slowly is to enable the driver to bring the automobile quickly to a halt in case of emergency. The test of control is the ability to stop quickly and easily. When this result is not accomplished, the inference is obvious that the car was running too fast, or that proper effort to control it was not made." We are in accord with this holding that the test of control is the ability to stop quickly and easily, and that when this result is not accomplished, an inference is warranted that the car was running too fast, or that a proper effort to control was not made.

■ It is apparent that the distance between the truck and the Ford car when the brakes were applied to the truck is very material in determining whether the truck was being driven at a negligent rate of speed under the circumstances. In Blashfield's Cyclopedia of Automobile Law, Vol. 1, § 29, p. 454, the rule is stated thus: "In trailing other cars, a motorist must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping, and so that he can stop without a collision, or can turn out sufficiently to pass the vehicle in front without going across the street in the way of traffic approaching from the opposite direction, as that will naturally result in collision with such traffic." *Gornstein* v. *Priver*, 64 Cal. App. 249, 221 Pac. 396; *Moore* v. *Downes*, 150 Minn. 333, 185 N. W. 395; *Stubbs* v. *Edwards*, 260 Pa. St. 75, 103 Atl. 511; *Gandras* v. *Moffett*, 286 Pa. St. 477, 133 Atl. 817, 47 A. L. R. 699; *Knudson* v. *Brockwinkle*, 120 Wash. 527, 208 Pac. 59.

■ The plaintiff claims that when Higgs applied the brakes to the truck it was only three or four feet behind the Ford. The defendant denies this, and says that the evidence is that the distance of three or four feet between the cars was "when the cars collided," and that there is no evidence of the distance betwen them when Higgs applied the brakes.

The defendant states the evidence correctly; but whatever the exact distance between these cars may have been, it is not disputed that the skidding of the truck was caused by the sudden application of both the foot and emergency brakes, and it fairly appears from the evidence that the truck started to skid

the instant the brakes were applied, and from then until the collision it was out of the control of the driver. It can fairly be inferred from these facts and the fact that Higgs applied the brakes as soon as he saw the driver of the Ford signal that he was about to stop, that he was too near the Ford to bring the truck to a proper stop without danger of collision.

When the known tendency of automobiles to skid on wet pavements or when the brakes are suddenly applied is considered, we think the jury could have reasonably found that Higgs should have known that the sudden application of the brakes at that time would be likely to cause the truck to skid or slip; and that in the circumstances he was negligent in driving the truck at the rate of speed disclosed by the evidence and in not having it under reasonable control. *DeAntonio* v. *New Haven Dairy Co.*, 105 Conn. 663, 136 Atl. 567; *Gates* v. *Crane Co.*, 107 Conn. 201, 139 Atl. 782; *Arnold* v. *Brereton*, 261 Mass. 238, 158 N. E. 671; *Davis* v. *Brown*, 92 Cal. App. 20, 267 Pac. 754; *King* v. *Wolf Grocery Co.*, 126 Me. 202, 137 Atl. 62; *Overstreet* v. *Ober*, 14 La. App. 633, 130 So. 648; *Cox* v. *Reynolds*, *supra*.

*Judgment reversed, and cause remanded.*

Note. Mr. Justice Willcox sat at the hearing of this case, but took no part in the disposition of it.