MARTIN G. JOHNSON *v.* HAROLD F. BURKE ET AL.

Special Term at Rutland, November, 1935.

Present:   POWERS, C. J., MOULTON, THOMPSON, and SHERBURNE, JJ., and BUTTLES, Supr. J.

Opinion filed February 16, 1936.

*Clayton H. Kinney* for the plaintiff.

*Fenton, Wing & Morse* and *R. Clarke Smith* for the defendant.

BUTTLES, Supr. J.   The plaintiff seeks to recover damages for personal injuries sustained while riding, with his three small children, on the rear seat in an automobile owned by the defendants, Harold F. and Gordon E. Burke, and driven, at the time in question, which was March 14, 1934, by the wife of the plaintiff.   The defendant Young, who was a salesman for the defendants Burke, was demonstrating, and attempting to sell, the car to the plaintiff and his wife and was riding at the time in the right front seat.

During the demonstration, the car went south to a point about four miles from the City of Rutland, then returned to the city and, at a point near the fair grounds in said city, the people in the car changed places and Mrs. Johnson took the wheel.   Before that, Mr. Young and the plaintiff had, in turn, driven the car.   With Mrs. Johnson driving, the car had proceeded northerly on the main highway toward Pittsford for a distance of about three miles when the accident occurred.

Northerly of the place of accident, the road is approximately straight for a considerable distance. Southerly thereof there is a bridge and a slight curve in the road. As the car approached the bridge, it came up behind a truck which Mrs. Johnson followed until it had passed the bridge and the curve and come into the straightaway. She then pulled to the left and passed the truck. At the place of passing, there was a ridge of snow three or four inches high on the westerly side of the road, over which the left wheels of the car passed. This ridge was apparently the remains of a drift caused by a barn near the highway at that point. After passing the truck, the car came back upon its own side of the highway, and, as it straightened out, it commenced skidding on some ice at that point, zigzagged in the road for a short distance, then went off the road on its right-hand side and struck a telephone pole, causing the injuries here complained of.

The acts of claimed negligence, upon which the plaintiff relies, are in substance as follows: (1) Excessive speed, which he attributes to Mrs. Johnson and to the defendant Young; (2) failure of the defendant Young, and of the defendants Burke, to equip the car with tire chains; (3) release of the accelerator by Mrs. Johnson; and (4) grabbing of the steering wheel by Mr. Young at or about the time the car commenced skidding, and lack of adequate control by Mrs. Johnson or by Young. It is the theory of the plaintiff that the alleged negligent acts of Mrs. Johnson, in driving and managing the car, were attributable to the defendant Young, who was demonstrating the car, and to his principals, because she is claimed to have been subject to his direction and control. This theory is strenuously contested by the defendants. Mrs. Johnson had never had a driver's license, but had driven other cars with her husband.

The case comes here on plaintiff's exceptions to the direction of a verdict for the defendants by the trial court.

It is undisputed that the immediate cause of the accident was the skidding of the wheels on the ice. It has been repeatedly held by this court, and in other jurisdictions, that the mere fact that a car skids does not of itself constitute negligence. In *L'Ecuyer* v. *Farnsworth*, 106 Vt. 180, 182, 170 Atl. 677, this court said: "It is a matter of common knowledge, of which we take notice, that the sudden and unexpected skidding of an

automobile is one of the natural hazards of driving cars on icy roads and it may happen to the best of operators. * * * The mere fact that the defendant's car skidded does not of itself constitute negligence.'' *Williamson* v. *Clark,* 103 Vt. 288, 291, 153 Atl. 488; *Kelleher* v. *Newburyport,* 227 Mass. 462, 116 N. E. 806, L. R. A. 1917F, 710; *Simpson* v. *Jones,* 284 Pa. St. 596, 131 Atl. 541.

The doctrine of *res ipsa loquitur* does not apply. *Williamson* v. *Clark, supra; Barret* v. *Caddo Transfer & Warehouse Co.,* 165 La. 1075, 116 So. 563, 58 A. L. R. 261; *King* v. *Wolf Grocery Co.,* 126 Me. 202, 137 Atl. 62.

In order to sustain a verdict for the plaintiff, he has the burden of showing that some specific act of negligence, on the defendant's part or on the part of someone for whose acts he was responsible, was a proximate cause of the skidding and therefore of the accident. In considering whether he has sustained this burden, it is axiomatic that the evidence must be taken in the light most favorable to the plaintiff.

The evidence most favorable to the plaintiff indicated that the speed of the truck, when passed by the car occupied by the plaintiff, was between twenty-five and thirty miles per hour. The car must therefore have gone enough faster to effect a passing. We find no evidence to show, and we cannot take judicial notice, whether the likelihood of the car's skidding would have been greater or less if the car had come upon the ice at a slower rate of speed. Furthermore, it is not made to appear that the driver or the defendant Young had any reason to anticipate danger in passing the truck at the time and place, and at the speed, that the car did pass. The driver waited before passing until there was an unobstructed view for a long distance ahead. The position of the truck in the highway, before the car started to pass, naturally hid the ice, upon which the car later skidded, from the view of the occupants of the car. The defendant Young had informed the other occupants of the car that he had driven over the road twice before on the same day, and had found the road in good condition. The evidence tends to show that it had thawed during the day and had later turned colder. Presumably the ice that caused the trouble had formed since Young last passed over the road, about noon of that day. No ice had previously been encountered in the highway during the

demonstration. Under these conditions, it is not made to appear that the act of the driver, in passing the truck at the time and place and at the speed that she did pass, was negligent.

What we have said about the claim of speed applies to the other acts and omissions alleged by the plaintiff to have been negligent.

It is alleged that at some time the defendant Young grabbed the wheel, whether before or after the skidding commenced is not clear. Mr. Young denies that he grabbed it at all. However this may have been, there is no evidence warranting the inference that he did anything, after grabbing the wheel, to cause the car to skid. That this action in this respect caused the skidding is based merely upon surmise. The car appears to have been entirely under control until it had passed the truck and at least started to straighten out on its own side of the road, and the loss of control would appear to have been a result, rather than a cause, of the skidding.

It is admitted that there were no chains on the wheels of the car. The plaintiff testified that chains are helpful in going down hill on an icy road. The defendant Young testified that, from his experience, chains would be a detriment, rather than an aid, on a level road and on glare ice. Whatever the fact may be relative to the usefulness of chains under the circumstances here existing, it appears that, until the accident happened, the conditions had been such that none of the defendants had reason to think that chains would be required, and it is not made to appear that failure to have the car equipped with them was negligent.

The claim is made that the driver, Mrs. Johnson, by removing her foot from the accelerator, produced a drag on the rear wheels which caused them to skid on the ice. There is some evidence tending to show that such action might have that effect. However, Mrs. Johnson testified that she did not know whether she removed her foot from the accelerator. No witness testified to having seen her do so. That she did so, and that such action caused the car to skid, is again a matter of surmise only, upon which a verdict could not be based. It is said in *Wellman, Admr.* v. *Wales*, 98 Vt. 437, 440, 129 Atl. 317, 319: ''Evidence which merely makes it possible for the fact in issue to be as alleged, or which raises a mere conjecture, surmise, or suspicion,

is an insufficient foundation for a verdict." *Durkee* v. *D. & H. Co.,* 106 Vt. 488, 494; *Perkins* v. *Hydro-Elect. Corp.,* 106 Vt. 367, 399; *Bates* v. *Rutland R. R. Co.,* 105 Vt. 394, 404; *State* v. *Rounds,* 104 Vt. 442, 457; *Goodwin* v. *Gaston,* 103 Vt. 357, 364

This disposes of all the alleged acts of negligence upon which the plaintiff relies. The action of the trial court, in directing a verdict for the defendant, must be sustained upon the first ground of the motion, which is that there was no sufficient evidence of any negligence, on the part of the defendants or of anyone with whose negligence they can be charged, which was the proximate cause of the injuries sustained by the plaintiff, to warrant submission of the case to the jury.

Our conclusion with respect to this ground makes it unnecessary to consider the other grounds upon which the motion is based.

*Judgment affirmed.*