STANDARD OIL CO. OF NEW YORK *v.* GEORGE FLINT.

January Term, 1936.

Present: SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ., and BUTTLES, Supr. J.

Opinion filed February 16, 1936.

*J. A. McNamara* for the defendant.

*A. Pearley Feen* and *Louis Lisman* for the plaintiff.

SHERBURNE, J.   This is an action to recover damages resulting from the striking of plaintiff's gasoline pump by defendant's automobile.   Verdict and judgment were for the plaintiff, and the case is here upon defendant's exceptions.

Viewing the evidence most favorably to the plaintiff, the following facts appeared:   On the night before the accident there had been a sleet storm, making it very slippery.   On the morning of December 18, 1933, before going to plaintiff's filling station, located upon the corner of St. Paul and College Streets, in the City of Burlington, the defendant had had occasion to drive about the city and had found that the streets were icy, but in the center of the street the ice was chopped up, so as not to be glare ice, and there were some bare spots.   He had traveled in the center of the street and had not noticed the condition at the sides.   The temperature was below freezing.   The car had on "mud hooks" or emergency chains.   At about 9 a.m. he drove to plaintiff's filling station to get some gasoline.   As he drove over the gutter, to cross the sidewalk and enter upon plaintiff's property, he was proceeding at a speed of twenty miles per hour.   When he was ten to twelve feet from the pump he turned his steering wheel to drive to one side of the pump, but the car did not respond and, although he touched his brakes a little, it skidded forward, the way it was headed, and hit the pump.   The distance from the gutter to the pump was about thirty feet as defendant traveled, and up a grade that would slow him up somewhat.   It had been very slippery in the filling station yard that morning, and at about 7 a.m. two and one-half barrels of hard-coal ashes had been spread about the three islands in the yard upon which were the pumps, covering the space about each island within a radius of fifteen to eighteen feet and all the space between the pump in question and the sidewalk.

■ The first exception briefed is to the refusal of the court to direct a verdict in favor of the defendant upon the ground that there was no evidence tending to show negligence upon the part of the defendant.   The negligence charged is excessive

speed and failure to have the car under control. Reasonable control requires that the speed shall be reasonable under the circumstances. The test of control is the ability to stop quickly and easily, and when this result is not accomplished, an inference is warranted that the car was running too fast, or that a proper effort to control was not made. *Williamson* v. *Clark,* 103 Vt. 288, 291, 292, 153 Atl. 448.

■■ We agree that the mere fact that the car skidded does not, of itself, constitute evidence of negligence on the part of the defendant. *Williamson* v. *Clark, supra; L'Ecuyer* v. *Farnsworth,* 106 Vt. 180, 170 Atl. 677. But the defendant was planning to stop within about forty feet from a point where he was driving at a speed of twenty miles per hour and, although he testified that he had no trouble in driving in the middle of the street and that he did not know the condition of the sides of the street, he must have known that it was likely to be slippery where he was going. We are satisfied that there was a question for the jury here.

■ The defendant also excepted to the refusal of the court to direct a verdict for him upon the ground that there was no evidence tending to show freedom from contributory negligence upon the part of the plaintiff. Since the defendant entered the plaintiff's premises for a purpose connected with the plaintiff's business there carried on, and the parties had a mutual interest in the subject matter of his visit, it is agreed that he was, in law, an invitee. *Cole* v. *Danville Coop. Creamery Assn.,* 103 Vt. 32, 39, 151 Atl. 568. So it was the duty of the plaintiff to keep the premises in a safe and suitable condition, so that he would not be unnecessarily or unreasonably exposed to danger, and the defendant had the right to assume that the premises, aside from obvious dangers, were reasonably safe for the purpose for which they were adapted. *Cole* v. *Danville Coop. Creamery Assn., supra.*

■ There was clearly a question for the jury as to whether the plaintiff, by the spreading of the coal ashes, had used reasonable care. The mere fact that the car skidded is not determinative that the ashes were inadequate. The plaintiff did not have to keep its premises in such condition that it would have been impossible to skid a car under any circumstances. All that it had to do was to keep its premises reasonably safe.

Neither is the fact that, later in the day, the plaintiff spread sand over its entire yard conclusive. This may have been more care than was reasonably required. It was all for the jury to determine. The motions were properly overruled.

In its charge, after defining the effect of contributory negligence, the court said:

> "If, however, you should find from all the evidence that the defendant assumed the risk of the slippery condition of plaintiff's premises, then the rule of contributory negligence cannot be invoked against the plaintiff. One assumes the risk of known and appreciated dangers confronting him which he freely and voluntarily encounters with knowledge of the nature and extent thereof. If defendant knew or ought to have known and appreciated the slippery conditions prevailing on plaintiff's premises and voluntarily encountered them, he cannot charge the plaintiff with contributory negligence in permitting such conditions to exist. The defendant had the right to assume that the premises, aside from obvious dangers, were reasonably safe, but it is for you to say from all the evidence whether or not the slippery condition of plaintiff's premises was known or ought to have been known to, and understood and appreciated by, the defendant. In other words, whether or not this slippery condition was an obvious danger. If you find that it was, the issue of contributory negligence of the plaintiff is eliminated."

To this the defendant excepted in these words:

> "We except to the Court's charge on assumption of risk that the defendant is charged with assuming the risk of the premises which were known or reasonably should have been known to him. There is no evidence in the case from which a jury would have the right to assume that the defendant did know of any danger prior to entering the premises, since the evidence is entirely

162

> lacking in anything from which the jury might reasonably draw an assumption of risk, and we say it is error for the Court to charge this. The Court should charge the defendant did not assume the risk of the condition which he found upon entering the premises of plaintiff.''

Whereupon the court said: ''The Court will suggest again, the question still remains as to what he ought to have known.'' And defendant's attorney replied: ''In view of that we would like to suggest that the defendant testified to what the condition was where he traveled that day, and found no such condition, so there was no warning to him that this condition existed, this icy condition existed, where the accident happened.''

■ From the foregoing it is very evident that the defendant did not except, nor give the court to understand that he excepted, on the ground that the doctrine of assumption of risk cannot be applied to a defendant. Consequently the defendant cannot here claim error upon that ground, nor are we required to pass upon this novel application of the doctrine.

■ The real sense and meaning of the exception taken is contained in the sentence: ''There is no evidence in the case from which a jury would have the right to assume that the defendant did know of any danger prior to entering the premises.''. As we have seen, the defendant did know that it was icy that morning. Consequently he must have known that the yard at the filling station would be apt to be slippery unless something was done to it. With this in mind, and what he must or should have observed before and as he drove into the yard, we think that a jury would have been justified in finding that he knew or ought to have known of some danger. No error is shown.

*Judgment affirmed.*