EDWARD S. FARREN *v.* GEORGE P. MCMAHON.
EDWARD S. FARREN *v.* HARDING L. PORTER.

May Term, 1938.

Present: MOULTON, SHERBURNE, BUTTLES and STURTEVANT, JJ., and
CLEARY, Supr. J.

Opinion filed October 4, 1938.

56

*Fenton, Wing & Morse* and *R. Clarke Smith* for the defendant McMahon.

*Lawrence & O'Brien* (*Joseph R. Mangan* and *James E. Bigelow* on the brief) for the defendant Porter.

*Asa S. Bloomer* for the plaintiff.

CLEARY, Supr. J. This is an action of tort resulting from the consolidation of two cases brought to recover for personal injuries suffered by the plaintiff in an automobile accident. A verdict was returned for the plaintiff against both defendants, judgment was entered accordingly, and both defendants excepted.

There were three automobiles involved in the accident and all were traveling in a northerly direction. The car first in order was owned and driven by defendant Porter, the second car by a Miss Powers and the third car by defendant McMahon. Porter

stopped his car in the highway and Miss Powers was forced to stop as she drove near the Porter car because of approaching traffic from the north. The plaintiff was riding as a gratuitous guest of McMahon and was injured when McMahon failed to stop behind the Powers car but drove off the highway and across a ditch.

The accident happened between three and four o'clock in the afternoon of August 6, 1936, on the cement highway known as U. S. Route No. 7, at a point about half a mile southerly of North Clarendon. That highway is the main artery of traffic leading from New York City and Boston to Rutland and traffic was heavy at the time of the accident. The cement portion of the highway consists of two lanes, each nine feet wide, with a division line between them painted white. On the easterly side of the cement is a level shoulder of gravel and grass about two feet and six inches wide, extending to the edge of a ditch, the bottom of the ditch being six feet from the cement and one foot and six inches below the level of the cement.

Southerly from where the accident occurred the highway is straight, giving a clear view for about nine hundred feet to the crest of the Lee hill, so-called, and sloping down from south to north about three feet in every one hundred feet. Within one hundred feet northerly from the point of the accident the degree of slope changes to about five feet in every one hundred feet and the road curves to the west, the degree of curve being two per cent, or three and one-half feet in every one hundred feet. Four hundred feet southerly from the point of accident is the drive way leading from the westerly side of the cement highway to the so-called Dole house. A person standing opposite the Dole house in the easterly lane of traffic can see a person standing in the westerly lane of traffic four hundred feet northerly from the point of accident.

Each of the defendants moved for a verdict. These motions were overruled, and the defendants excepted.

The McMahon motion for a verdict challenges the sufficiency of the evidence to warrant a verdict against him on the ground of gross negligence within the meaning of P. L. 5113.

■ Viewing the evidence in the light most favorable to the plaintiff, as it must be viewed in considering this motion, *Senecal* v. *Bleau et al.,* 108 Vt. 486, 494, 498, 189 Atl. 139; *Perkins* v.

*Vermont Hydro-Electric Corporation,* 106 Vt. 367, 399, 177 Atl. 631, the jury could reasonably have found the following facts: As the McMahon car approached the scene of the accident on a down grade it was following the Powers car at a distance of 105 feet. When the Powers car was about 200 feet distant from the Porter car, which was standing still and blocking the easterly lane of traffic, Miss Powers put her hand out, gradually slowed down and came to a stop very close to the Porter car. McMahon's car had four wheel brakes which had been working. He was driving at a speed of from twenty-five to thirty miles per hour and, at that speed, his car should stop within twenty-five or thirty feet (so he testified), upon an immediate application of the brakes. He failed to apply his brakes until he was thirty feet from the point where the Powers car stopped and he noticed the. Porter car only after he had applied his brakes. He was fearful he could not stop in time. A car was approaching from the north and was then opposite the Powers car so McMahon turned to the right and went off the road. There were skid marks on the highway from both sets of McMahon's wheels about eight to ten feet in length which went to the spot where he turned off the road, about twenty feet in back of the Powers car. His car was going fifteen miles an hour when it went by the Powers car and it came to a stop off the highway with its rear ten. feet northerly of the Porter car and some distance easterly from it.

Gross negligence was adequately defined in *Shaw, Admr.* v. *Moore,* 104 Vt. 529, 531, 162 Atl. 373, 86 A. L. R. 1139, and *Dessereau* v. *Walker,* 105 Vt. 99, 101, 163 Atl. 632. It is unnecessary to repeat what was stated therein.

The Powers car, at least, was in plain view of McMahon. He either failed to notice or paid no heed to the signal Miss Powers gave or to the fact that her car was gradually coming to. a stop in the face of approaching traffic. From the time the signal was given he made not the slightest attempt to check his speed or bring his car under control until within 30 feet of the Powers car, too late to avoid the accident. We think it cannot be said that a jury, acting fairly and reasonably, could not find that McMahon failed to exercise even a slight degree of care for the safety of his guest, and so was guilty of gross negligence. *Williamson* v. *Clark,* 103 Vt. 288, 291 *et seq.,* 153 Atl. 448; *Des-*

*sereau* v. *Walker,* 105 Vt. 99, 102, 163 Atl. 632; *Hunter* v. *Preston,* 105 Vt. 327, 338, 166 Atl. 17; *Hall* v. *Royce,* 109 Vt. 99, 104-106, 192 Atl. 193.

The Porter motion for a verdict was on three grounds: (1) That there was no evidence of Porter's negligence, which was proximate cause; (2) that there was no evidence that Porter's car was parked or left standing negligently; (3) that there was an intervening and proximate cause, making Porter's negligence, if any, a remote and not a proximate cause.

█ Viewing the evidence in the light most favorable to the plaintiff, it appeared that Porter's reason for stopping his car was because his baby became carsick near the top of the Lee hill. He knew traffic was heavy and he was looking for a safe place to park, but he failed to park in the Dole driveway, only 400 feet southerly from the point of the accident. He stopped his car in the easterly lane of the highway, with all four wheels of his car on the cement, completely blocking traffic in that lane and well within 150 feet of the curve in the highway. After stopping he paid no attention as to whether he was blocking traffic. His car remained there for five minutes and until after the accident.

P. L. 5110, subd. XIII, provides that a person shall not stop nor park the motor vehicle he is operating within 150 feet of a curve, nor park nor leave standing any vehicle, whether attended or unattended, upon the paved part of any highway, so as to interfere with traffic on such highway, except in certain circumstances not here existing.

We quote from the recent case of *Hall* v. *Royce et al.,* 109 Vt. 99, at page 106, 192 Atl. 193, at page 195, where the circumstances were very similar to the present case:

> "By his own testimony, Simpson was guilty of a violation of this statute, and this violation gave rise to a rebuttable presumption of negligence, *Palmer* v. *Marceille,* 106 Vt. 500, 506, 175 Atl. 31; *Shea* v. *Pilette,* 108 Vt. 446, 189 Atl. 154, 155, 109 A. L. R. 1933, the effect of which was to shift to him the burden of evidence on that question. *Tyrrell* v. *Prudential Ins. Co.,* 109 Vt. 6, 192 Atl. 184. The statute is a safety statute, which Simpson was bound to observe, though his purpose in stopping

there was a worthy one. To be sure, he had a right to assume that other drivers with equal rights in the road would observe the law, and if the question here had arisen between him and the other driver, it might have been difficult for the latter to have recovered any damages suffered by the collision. But the negligence of that driver was not imputable to her guest."

That case is exactly in point here.

But the defendant Porter argues that here there was an intervening cause, making Porter's negligence if any, remote and not proximate.

There may be more than one proximate cause concurring to produce an injury. Following the law, repeatedly laid down by this court and most recently stated in *Wagner* v. *Village of Waterbury,* 109 Vt. 368, 196 Atl. 745, at page 749, we hold that the jury was justified in finding that defendant Porter's negligence was a continuing, concurring, proximate cause of the injury and that without its operation the accident would not have happened.

There was no error in overruling defendants' motions.

*Judgment affirmed.*