MAE W. GOULD *v.* ROBERT A. GOULD.

February Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 2, 1939.

*Asa S. Bloomer* for the plaintiff.

*Fenton, Wing & Morse* and *John A. M. Hinsman* for the defendant.

BUTTLES, J. The plaintiff seeks to recover damages for injuries received when the automobile driven by the defendant, in which the plaintiff was riding on the rear seat as a passenger, went off the road while approaching a right hand curve near Grafton, N. H., on January 8, 1937. At the commencement of the trial and after the jury was empaneled it was conceded that the State of New Hampshire did not have a guest law, so-called, and that simple and not gross negligence applied to this case. The undisputed evidence indicated that the party left Rutland, Vermont, between three and four o'clock in the afternoon of that day to drive to Portsmouth, N. H. The defendant's father was riding with him on the front seat and on the rear seat, besides the plaintiff, were her daughter-in-law and her daughter, who was seated in the middle. The accident happened about 5:30 in the afternoon and at that time and prior thereto the weather was rainy and foggy. The defendant was driving at a speed of about thirty-five miles per hour.

A jury trial was had with verdict and judgment for the defendant and plaintiff comes to this Court on exception to the overruling by the trial court of her motion to set aside the verdict and grant a new trial and on four exceptions to failure to charge. No other motions and no requests to charge were made by the plaintiff. We first consider the plaintiff's exceptions to the charge as given.

Plaintiff excepted to the "failure of the court to charge the law of the case to the effect that on the evidence in the case the defendant was negligent as a matter of law and reasonable minds could not differ on the issue of negligence." In briefing this exception plaintiff merely refers to what was said in her brief in support of her motion to set aside the verdict. Her argument there, so far as applicable to this exception, amounts to this: The evidence shows that there was a dense fog, and the defendant proceeded at thirty-five miles per hour through a curve and ran out of the road on the left side of the road; therefore the defendant was negligent as a matter of law. The plaintiff's statement is not quite an accurate statement of the facts shown by the undisputed evidence. Defendant's evidence regarding the occurrence of the accident as contained in his statement written by him on plaintiff's exhibit No. 1 is as follows: "Was Driving about 35 mile a hour as we approached the curve the Rear End Slewed around. I cut wheels to avoid Going over Bank But was

to Late the Back Wheels were on the Edge.'' From this it is apparent that the jury would be warranted in finding that the car skidded out of the road and over the bank, instead of running out of the road as stated by the plaintiff. Plaintiff also says that the car ''proceeded through the curve,'' but the only evidence on that point indicates that the accident occurred as the car ''approached the curve,'' with perhaps an inference from a statement made by the defendant in cross examination that it occurred as the car ''came on to the curve.''

Plaintiff's contention must be examined in connection with the fact, shown by undisputed evidence, that the skidding of the rear wheels started the trouble. From all the evidence it is a fair inference that the car skidded on ice. This Court has said repeatedly that the mere fact that a motor vehicle skids does not of itself constitute evidence of negligence on the part of the defendant. *Williamson* v. *Clark,* 103 Vt. 288, 291, 153 Atl. 448; *L'Ecuyer* v. *Farnsworth,* 106 Vt. 180, 182, 170 Atl. 677; *Standard Oil Co. of N. Y.* v. *Flint,* 108 Vt. 157, 160, 183 Atl. 336; *Johnson* v. *Burke et al.,* 108 Vt. 164, 168, 183 Atl. 495. Neither is a speed of thirty-five miles per hour at the time the skidding commences in itself evidence of negligence. In *Johnson* v. *Burke et al., supra,* we said at page 168: ''We cannot take judicial notice whether the likelihood of the car's skidding would have been greater or less if the car had come upon the ice at a slower rate of speed.''

The plaintiff relies upon a line of our cases which hold, in effect, that it is negligence as a matter of law to drive an automobile along the highway, when the vision is obscured, at such a speed that it cannot be stopped or turned aside within the distance that objects can be seen ahead. This rule was applied in *Steele* v. *Fuller,* 104 Vt. 303, 311, 312, 158 Atl. 666, as to contributory negligence of the plaintiff, who collided with a parked car in the dark, the plaintiff himself having defective lights. The same rule was applied in *Palmer* v. *Marceille,* 106 Vt. 500, 508, 175 Atl. 31, to a situation where the plaintiff ran into a dense column of smoke coming from a roadside fire and collided with a parked truck which the plaintiff could not see because of the smoke. In *Dessereau* v. *Walker,* 105 Vt. 99, 163 Atl. 632, in which the car was driven off the road and overturned while proceeding at a rate of forty miles per hour through fog so dense that the guard rails beside the road could not be seen, it was held

that so proceeding in such poor visibility, together with other facts shown, constituted evidence from which gross negligence could be found. In these cases proceeding in poor visibility was, or could be found to be, a proximate cause of the accident. In the present case the evidence did not so indicate. Here the only cause shown for the accident was the skidding of the rear wheels. No connection between the poor visibility and the skidding is shown. It was not made to appear that the ice could have been seen except for the fog or that it could have been avoided if it had been seen. With the evidence standing thus it was not error for the court to fail to give a peremptory instruction of negligence on the part of the defendant.

The plaintiff has briefed an exception to the sentence of the court's charge which reads: ''In this case you need not consider whether the speed was unlawful, for there is no evidence in the case as to what the lawful rate of speed is in New Hampshire, where the accident occurred.'' Evidently the court here referred to a statutory speed limit. The law of New Hampshire not being shown the law of Vermont would apply. No question is made as to this. The plaintiff contends that a negligent speed is an unlawful speed but cites no authority for this proposition. This is inadequate briefing. Anyway the exception is without merit. In those portions of the charge immediately preceding and immediately following the sentence to which exception was taken the law regarding speed, as it related to the circumstances of this case, was carefully and adequately explained to the jury. A charge is not to be tested piecemeal, but as a whole, and if, when so considered, it breathes the true spirit and doctrine of the law, it will be sustained, unless we are convinced that the jury were misled. *Flanders* v. *Newport Trucking Co.,* 102 Vt. 437, 438, 150 Atl. 128; *Taylor* v. *Mayhew,* 109 Vt. 251, 255, 195 Atl. 249.

Plaintiff excepted to the court's failure to charge as the law of the case with respect to the failure of the defendant to enter the curve slowly and with due care to avoid accident and keep as far to the right hand side of the road as practicable and proceed with due care. The evidence did not require such a charge. There was nothing therein to indicate the position of the rear wheels in the road when they began to skid, or that the car had commenced to make the turn of the curve. Neither does it appear that the distance traveled by the wheels after begin-

ning to skid and before leaving the road was less than it would have been if there had been no curve. No connection is shown between the curve and the skidding or between the curve and the car leaving the road. If the car had been entirely upon the curve the jury would have been unable to apply the suggested instruction without more evidence as to the character of the curve. So far as appears it may have been a sharp or a very gradual curve. Whatever may be said for a proposition as an abstract principle of law, in order to make its omission from the charge error it must appear to be applicable to the situation disclosed by the evidence. *Merrihew's Admr.* v. *Goodspeed,* 102 Vt. 206, 213, 147 Atl. 346, 66 A. L. R. 1109; *In re Hathaway's Will,* 75 Vt. 137, 144, 145, 53 Atl. 996; *Lang* v. *Clark,* 85 Vt. 222, 232, · 81 Atl. 625; *Rogers* v. *Bigelow,* 90 Vt. 41, 46, 96 Atl. 417.

 The plaintiff briefs an exception to the failure of the court to charge in substance the law of the case as set forth in the Williamson case. In this exception the citation and even the title of the Williamson case are not called to the Court's attention. All that was specifically called to its attention was "that the jury can consider the fact of his going out of the road on the left hand side as one of the elements of, evidence of negligence; that the fact that he was out of the road is evidence of the fact of lack of control of his car and lack of that control which the law places upon him in the operation of an automobile on the highway." This subject matter was sufficiently covered by the court's instruction that in determining whether defendant was negligent the jury were entitled to take into consideration all of the circumstances shown by the evidence, and the court's further statement, in referring to the evidence, that the car skidded and went off the road on the left hand side. While it is the duty of the court without request to charge upon all essential parts of the case, it is not bound to make every conceivable comment on the evidence. *Simonds* v. *Bishop,* 109 Vt. 343, 348, 196 Atl. 754; *Merrihew's Admr.* v. *Goodspeed, supra,* 102 Vt. at page 215, 147 Atl. 346, 66 A. L. R. 1109.

But if it was intended by this exception to call attention of the trial court to the test of control stated and explained in *Williamson* v. *Clark,* 103 Vt. 288, 153 Atl. 448, we might add that the test of control there stated and explained was not applicable here, since in this case the evidence does not disclose that there was any attempt or any occasion to stop the car before it began

to skid, or any opportunity to exert control after the skidding commenced.

The grounds of plaintiff's motion to set aside the verdict and grant a new trial are not precisely stated. Since she saved exceptions to the denial of the motion both as a matter of law and as abuse of discretion it would seem that the grounds are intended to be both that the verdict is against the evidence, which would be addressed to the discretion of the trial court, and that there is no supporting evidence, which would raise a question of law. *Belock et al.* v. *State Mutual Fire Ins. Co.*, 106 Vt. 435, 439, 175 Atl. 19. A motion upon the latter ground is the same in nature and substance as a motion for a directed verdict, and the ruling of the trial court in denying it must be sustained if the evidence, taken in the most favorable light for the prevailing party, fairly and reasonably tends to support the verdict. *Dessereau* v. *Walker*, 105 Vt. 99, 101, 163 Atl. 632; *Paska* v. *Saunders*, 103 Vt. 204, 216, 153 Atl. 451; *Shields et al.* v. *Vermont Mut. Fire Ins. Co.*, 102 Vt. 224, 255, 147 Atl. 352. It is apparent from what has already been said that here the evidence taken in the most favorable light for the defendant did sustain the verdict. Nor can we say that there was abuse of discretion in the court's refusal to grant plaintiff's motion.

Plaintiff alleges in her motion that there is no evidence of any negligence whatever on the part of the plaintiff. This fact, if true, would avail nothing for the purpose of this motion unless it were also true that evidence tending to show defendant's negligence was at least so preponderant that refusal to set the verdict aside would be an abuse of discretion. Such was not the case.

The plaintiff further states in her motion that the jury failed to follow the evidence or the charge of the court, but, by reason of interest, external prejudice and failure to comprehend the evidence and charge, did return a verdict for the defendant. Plaintiff does not set forth in what respects the jury failed to follow the evidence or the charge of the court, and our attention is not called to anything in the record which would indicate that they so failed. This Court will not search the record for evidence to form a basis on which to reverse the judgment. *Sormani* v. *Christianson,* 100 Vt. 185, 187, 135 Atl. 769; *Goodrich* v. *Fuller*, 99 Vt. 6, 130 Atl. 679; *Hopkins* v. *Sargent's Estate*, 88 Vt. 217, 222, 92 Atl. 14.

332

In argument the plaintiff urges that the jury must have been confused because the so-called guest law of Vermont did not apply, and it was therefore not necessary for the plaintiff to prove gross or wilful negligence. Here again nothing in the record has been called to our attention—and we find nothing—which would indicate such confusion on the part of the jury. They were carefully and fully instructed as to negligence and the standard to be applied in determining whether negligence existed, and no exceptions were taken to such instructions. There was no error in denying plaintiff's motion.

*Judgment affirmed.*