DONALD HACKEL, TRUSTEE IN BANKRUPTCY OF A. LANGLOIS & SONS CO. INC. *v.* ROY A. BURROUGHS.

(91 A2d 703)

May Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed October 7, 1952.

*Bloomer & Bloomer* for the defendant.

*Vernon J. Loveland* for the plaintiff.

ADAMS, J.   This is an action of tort brought in the Rutland Municipal Court for the conversion of certain articles of personal property upon which the defendant claimed a lien for storage charges.   Trial was by the court.   Findings of fact were made and filed.   Judgment was entered for the plaintiff.   The case is here on exceptions of the defendant to certain findings, to the refusal to find as requested and to the judgment.

Exceptions to findings number 2 and 3, to requests to find number 3, 4, 5, 6, 20, 22, 24, 25, 26, 30, 34, 36, 37, 38, 42, 44, 47 and 48, also to the judgment are not briefed, so they are waived.   *Dunbar* v. *Godbout,* 105 Vt 448, 452, 168 A 551; *Rich* v. *Wry,* 110 Vt 307, 312, 6 A2d 7; *Cook* v. *Holden,* 113 Vt 409, 411, 35 A2d 353; *O'Conner* v. *Vermont Transit Co., Inc.,* 116 Vt 6, 8, 68 A2d 699.

The defendant has briefed exceptions to the failure to find his requests number 7, 8, 9, 11 and 40.   The record shows that he did not take any exceptions to the failure of the court to make these findings; therefore, there is nothing for this Court to review and the question is not before us.   *White River Chair Co.* v. *Connecticut River Power Co.,* 105 Vt 24, 53, 162 A 859; *Wool* v. *Larner,* 112 Vt 431, 437, 26 A2d 89.

The defendant has briefed exceptions to the failure of the court to find his requests number 17, 18, 19, 21, 23, 31, 32, 33, 35, 41, 43, 45, 46 and 49.   His exceptions as filed state the following grounds for all of these requests collectively, after enumerating the requests by number, "that the undisputed evidence in the case required such a finding and the law of the case required such a finding." Such exceptions are inadequate, inappropriate and too general to require attention.   *Morgan* v. *Gould,* 96 Vt 275, 279, 119 A 517, and cases cited; *Little* v. *Loud,* 112 Vt 299, 302, 23 A2d 628, and cases cited; *Holton Estate* v. *Ellis,* 114 Vt 471, 484, 49 A2d 210. In each of these cases the language used in the exception was substantially the same as in the instant case.

This disposes of all the exceptions of the defendant or points briefed by him except the exceptions to findings number 13 and 14. Finding 13 is as follows:

> "The defendant did not at any time herein material carry on the business of a warehouseman, nor did he engage in the business or hold himself out as engaged in the business of storing goods for hire for the general public."

The exception to this finding is "on the ground that the finding is not warranted by the evidence, there is no evidence to substantiate the finding, that it is a conclusion of law and an erroneous conclusion."

So far as it is a question of fact, there was very little, if any, dispute in the evidence. The defendant testified that he worked for the Extension Service of the University,—Department of Agriculture; that as a side line, he and his wife ran some tourist cabins in Pittsford; that he had no particular business apart from the extension service and the tourist cabins; that they were not in the warehouse business or pretended to be in the storage business; that they had been in business there eleven years and, prior to April 24, 1950, had stored furniture for three different parties, sometimes for use and sometimes for cash; that subsequent to that date, they had stored no goods other than the ones in question; that they never rented storage space to strangers but as an accommodation to people they knew; that they had no particular facilities for storage; that they had no sign outside or on the premises advertising that they conducted a public or any kind of a warehouse and that they had never given a warehouseman's receipt.

Where findings are challenged upon the ground that they are without evidentiary support, they must stand if there is any legitimate evidence fairly and reasonably tending to support them. *Village of St. Johnsbury* v. *Cenedella,* 109 Vt 174, 180-181, 194 A 382, and cases cited; *Belville* v. *Belville,* 114 Vt 404, 407, 45 A2d 571; *Holton Estate* v. *Ellis, supra* at 488. The evidence that we have set forth meets these requirements and it is clear that the trial court was warranted in making the finding as a factual matter. In fact, the defendant in his brief concedes that the defendant did not store goods for the general public.

The defendant challenges the finding as a matter of law on the

ground that, on the facts found and which should have been found, the defendant was a warehouseman as defined in V. S. 47, § 5694, which is a part of Chapter 257, entitled, Uniform Warehouse Receipts Act. The definition therein is: " 'Warehouseman' means a person lawfully engaged in the business of storing goods for profit."

As we have seen, the facts which the defendant says should have been found are not available to him here. As a conclusion of law, the finding cannot stand if it is inconsistent with the findings upon which it is based. *Abatiell* v. *Morse,* 115 Vt 254, 259, 56 A2d 464, and cases cited.

The defendant claims that there are two classes of warehousemen, public and private, and that the Uniform Warehouse Receipts Act applies to and includes both. He says that the definition of "warehouseman" in the Act includes both. For the purposes of this opinion we will assume, without in any way deciding, that it does include both.

The facts found, so far as material here, set forth that at the time A. Langlois & Sons Co., Inc. was adjudged a bankrupt it was the owner of the personal property here in question which consisted of certain articles of household furniture and that the plaintiff was appointed trustee in bankruptcy of that corporation. In April 1950 and for some time prior thereto this personal property was in the possession of the defendant at his residence in Pittsford. On April 24, 1950, the plaintiff and defendant entered into an agreement whereby the defendant agreed to store this personal property, along with some other property of the bankrupt, at his residence for $7.50 per month. The defendant stored the property in an overnight cabin on his premises from April 24, 1950, to June 15, 1951. On the latter date the defendant would not permit the plaintiff to take the property here in question unless and until a balance claimed due for storage was paid. The defendant carried on upon his premises the business of furnishing accommodations for tourists and had several overnight cabins and also furnished meals in his residence.

A warehouseman in the general acceptance of the term is one who receives and stores goods of others as a business and for a compensation or profit. A similar definition is contained in the Uniform Warehouse Receipts Act and such Act has been held applicable only to such persons. 56 Am Jur 320. The defendant claims that he is a warehouseman within the definition set forth in § 5694 which is a part of the Act as it is established by the findings

that the defendant was storing the goods for profit because the plaintiff agreed to pay $7.50 per month for storage. Whatever the fact may be about "storing goods for profit," that is not all that is included in the definition. The defendant loses sight of and does not include "engaged in the business of." It is clear on the facts found that the defendant was not a warehouseman as he was not "a person lawfully engaged in the business of storing goods for profit" and we so hold. There was no error in finding 13 either as a fact or conclusion of law.

Finding 14 is in substance that the defendant did not have a lien upon the property for the unpaid balance due for storage and was under a duty to return the property upon demand. The exception is upon the ground that the finding is an inaccurate statement and an erroneous conclusion of law. The defendant's only claim is that he is entitled to a lien for storage charges under § 5721. This section is a part of the Act and so far as material here provides:

> "* * * *, a warehouseman shall have a lien on goods deposited * * * for: I All lawful charges for storage * * * *";

As the defendant was not a warehouseman as defined in § 5694, he was not entitled to a lien under § 5721 as claimed by him.

*Judgment affirmed.*