# E. A. Strout Realty Agency, Inc. v. Elvah Wooster

(99 A2d 689)

February Term, 1953.

Present: **Sherburne, C. J., Jeffords, Cleary and Adams, JJ and Chase, Supr. J.**

Opinion Filed October 6, 1953.

*Norbert J. Towne* for the plaintiff.

*Philip A. Angell* for the defendant.

**Cleary, J.** This is an action of contract to recover a commission on the sale of certain real estate in Randolph Center. Trial was by court, findings of fact were filed and judgment entered for the defendant. The case is here on the plaintiff's exceptions to the findings, to the court's failure to find as requested and to the judgment.

It appears in the findings of fact that the defendant was the owner of the property involved which she listed for sale with the plaintiff real estate agency on April 5, 1948, through the plaintiff's local representative, Orville Curtis. This listing was under a written agreement signed by both parties.

Under the contract the defendant employed the plaintiff "to procure a purchaser ready, willing and able to buy" the property "at the stated price and terms." "If a customer is procured through you or your associates, on price and terms herein stated, or at a price and terms acceptable to me" the defendant agreed to pay the plaintiff a commission. The defendant reserved the right to sell the property by her own efforts and if so sold no commission was to be paid. "But if sold or caused to be sold to a customer procured through or by you or your agents, directly or indirectly, at a price and terms

acceptable to me, I will pay you your commission." The contract was terminable upon thirty days' notice in writing but if within one year after such termination the property was sold to a customer procured by the plaintiff before such termination the commission was payable to the plaintiff. By a subsequent agreement in writing dated November 6, 1948, and signed by both parties, the selling price was reduced from $11,000 to $9,500 and the commission fixed at 5% of the sale price. Sometime in 1948 the defendant had become very anxious to sell and informed the plaintiff's representative that she might be willing to take even less than $9,500 for her property and directed him to notify her of all offers.

In July 1949 the plaintiff's representative took Mr. and Mrs. Wesley Herwig to see the property and went over it with them with a view of selling it to them. After the inspection the Herwigs talked with Curtis about price and finally asked Curtis to tell the defendant that they would give her, according to the testimony of the Herwigs, the sum of $6000, and according to the testimony of Curtis, $4000 for the place. Curtis thought the offer was so low that it was unworthy of serious consideration, that it indicated a lack of genuine interest in the place and, therefore, he did not inform the defendant of the Herwig's offer as previously directed by her. He never brought the Herwigs and the defendant together, made no attempt to put them into communication with each other so they could negotiate, dismissed from any further consideration the thought of the Herwigs as prospects, and abandoned all further efforts to induce them to buy the property. He never mentioned the matter to the Herwigs again, though from time to time he met Mr. Herwig on the street in Randolph.

On June 19, 1950 Herwig wrote directly to the defendant regarding purchase of the property and asked for her lowest possible price. When the defendant received this letter she was completely unaware that the Herwigs had ever been approached by Curtis. As a result of correspondence the defendant and the Herwigs came to terms for the purchase of the property at the agreed price of $6500. On July 7, 1950 the

defendant wrote the plaintiff and the plaintiff replied by letter dated July 8, 1950, claiming that the Herwigs were its customers and claiming a commission for the sale. The defendant then inquired of Mr. Herwig if he and his wife were broker's customers and Herwig told the defendant "just what occurred: of how he had submitted an offer to Curtis. The defendant, knowing that Curtis had not in fact informed her of the offer, as she had directed him to do, concluded that the Herwigs could not be the plaintiff's customers." On August 14, 1950, the defendant conveyed her property to the Herwigs in fulfillment of the agreement made with them prior to any knowledge of the plaintiff's claim.

The plaintiff excepted to parts of findings numbered 6, 15, 18 and 19 which parts read as follows: 6. "and directed that he notify her of all offers for the place." 15. "as she had directed him to do." 18. "the broker had knowledge that it was essential that it report all offers so that his principal could pass on their acceptability." 19. "the failure of the plaintiff to obey the directions of his principal in reporting all offers was the failure of an agent to meet a duty owing to his principal in the circumstances of this case," and "the non-disclosure by the broker was prejudicial to the defendant."

The plaintiff claims three grounds for its exception: First, because the portions excepted to were based on oral testimony which contradicted a written contract; and cites *Wood* v. *James*, 93 Vt 36, 41, 106 A 566, and *Hayden* v. *Hoadley*, 94 Vt 345, 349, 111 A 343. By the terms of the written contract the defendant had agreed to pay a commission if the plaintiff procured a customer at the stated price and terms or at a price and terms acceptable to the defendant. The evidence on which the findings were based did not contradict the written contract but was consistent with it. So its reception did not violate the rule set forth in the two cases relied upon by the plaintiff and they are not in point. The defendant's direction to the plaintiff to notify her of all offers for the place were material and relevant to the issue and properly admitted in evidence. *Field, Admr.* v. *Mann*, 42 Vt 61, 64-65; *Dunklee* v. *Goodnough*, 68 Vt 113, 114, 34 A 427; *Roof, Trustee* v.

*Jerd*, 102 Vt 129, 131-133, 146 A 250, 68 ALR 235. The second ground of the exception is because the testimony was offered contrary to Rule 18 [1] of the Rules of County Court, as the defendant had not denied the contract in her pleadings. County Court rule 18[1] relates only to proof of the execution, endorsement or assignment of a written contract. So it was not contrary to the rule. The third ground of the exception is because the evidence could not become a legal obligation on the plaintiff under any theory of the law. It is the general rule that a real estate agent must act in compliance with the instructions of his principal. *Shatz Realty Co.* v. *King*, 225 Ky 846, 10 SW2d 456, 60 ALR 1374, 1376. A broker is but an agent, and is bound to follow the directions of his principal. *Gallagher* v. *Jones*, 129 US 193, 9 S Ct 335, 32 L ed 658, 660; *Richardson* v. *Shaw*, 209 US 365, 28 S Ct 512, 52 L ed 835, 841. A broker employed to sell real estate is bound to make disclosure to his principal of all matters that are material and might affect the action of his principal. *Coppage* v. *Howard*, 127 Md 512, 96 A 642, 646; *Young* v. *Hughes*, 32 NJ Eq 372 383; *Quinn* v. *Phipps*, 93 Fla 805, 834, 842, 113 So 419, 54 ALR 1173; *Skinner Mfg. Co.* v. *Douville*, 57 Fla 180, 185-186, 49 So 125. In the absence of a special agreement, it is the principal's judgment, and not the agent's, that is to control. *Gallagher* v. *Jones*, 129 US 193, 9 S Ct 335, 32 L ed 658, 660. This defendant was entitled to have all offers of purchase submitted to her in order for her to decide whether the offers were acceptable to her, particularly so, after she directed the plaintiff to submit all offers of purchase to her. Instead of complying with his duty to follow the directions of his principal the defendant's representative made no report of Herwig's offer to the defendant, made no attempt to put the parties into communication with each other, concluded Herwig's offer was unworthy of consideration, dismissed the thought of the Herwig's as prospective purchasers and abandoned all furthe-efforts to induce them to buy the property. He not only vior lated his duty but was controlled by his own judgment, rather than that of his principal. This he could not legally do. So the exception is of no avail on any of its grounds.

In its brief the plaintiff claims that if such evidence is admitted without objection the court should have ignored it as a matter of substantive law, citing *Phillips Co.* v. *Gay's Express*, 112 Vt 49, 20 A2d 102 and *Reid* v. *Abbiatti*, 113 Vt 233, 239, 32 A2d 133. The Phillips Co. case concerned an oral agreement prior to and varying the written contract. The Reid case was a tort action for the negligent operation of an automobile. The portion of the opinion to which our attention is called related to the duty of the trial court respecting instructions to the jury. Neither case controls the present case. The claim was not a ground of the exception and we have already shown that reception of the evidence did not violate the parole evidence rule.

█ The plaintiff also excepted to findings numbered 18 and 19 on the ground that they are findings of law and to finding numbered 19 on the ground that the plaintiff did not receive any legal binding offers for the place at any price prior to the sale. None of these grounds are briefed and so they are waived. *Randolph* v. *Ketchum*, 117 Vt 468, 470, 94 A2d 410; *In re Lake Seymour*, 117 Vt 367, 371, 91 A2d 813; *Hackel, Trustee* v. *Burroughs*. 117 Vt 328, 329, 91 A2d 703.

The plaintiff also excepted to those portions of findings numbered 18 and 19 quoted supra and to finding numbered 20 on the ground that if supported at all it is by evidence which was objected to and if properly admitted does not support the findings. Finding numbered 20 reads as follows: "The plaintiff's excuse for not reporting the Herwig's offer because no deposit and no offer in writing was made by them is insufficient, and was not what the parties contemplated; in any event, the Court finds that the plaintiff made no effort to get an offer with a deposit as claimed by it." The objection to the evidence made during the hearing below was that it was an attempt to vary the terms of the written contract. We have already shown in disposing of a previous exception that the reception of the evidence did not violate the parole evidence rule. The findings were supported by the defendant's evidence as shown in the statement of facts and by the testimony of Herwig that Curtis made no mention of an offer with a deposit.

72

■ In its brief the plaintiff claims that even if the evidence was admissible, it was immaterial and irrelevant as no consideration was shown to have passed between the plaintiff and defendant for such an altered contract on the matter of offers being conveyed. This claim was not included in the ground stated at the time the evidence was offered and is not a ground stated in the exceptions taken to the findings. So it is not for consideration in this Court. *Morrill* v. *Boardman*, 117 Vt 103, 108, 86 A2d 146; *Wilson* v. *Dyer*, 116 Vt 342, 348, 75 A2d 677; *Abel's; Inc.* v. *Newton*, 116 Vt 272, 275, 74 A2d 481. The exceptions to findings numbered 18, 19 and 20 are of no avail.

■ The plaintiff excepted to the following part of finding numbered 10: "and he dismissed from any further consideration the thought of the Herwigs as prospects, and abandoned all further efforts to induce them to buy," because there is no evidence to support it and "plaintiff's letter dated July 8, 1950, clearly showed that the plaintiff had not abandoned Mr. and Mrs. Herwig as prospective purchasers. [Finding 14]". Finding 14 reads as follows: "Thereafter the defendant wrote the plaintiff as previously found, under date of July 7, 1950. On July 8, 1950, the plaintiff replied by letter dated July 8, 1950, claiming the Herwigs were its customers and claiming a commission for the sale." The plaintiff claims that it "wrote the defendant on July 8, 1950, telling her clearly that it had not abandoned the Herwigs as prospective purchasers, and this notice was more than a month prior to the date of the deed given by the defendant to Mr. and Mrs. Herwig on August 14, 1950, [Finding 14]." The plaintiff's letter was as stated in finding numbered 14 and not as claimed by the plaintiff. It was not sent to the defendant until after the defendant had sold the property and after the defendant had written the plaintiff cancelling the listing. The plaintiff cites *Rogers & Cole* v. *Cole*, 99 Vt 239 at 242, 131 A 12; *Fairbanks* v. *Frank*, 107 Vt 45, 176 A 294; *Fisher* v. *Hanson*, 99 Conn 703, 122 A 906, and *Collopy* v. *Field*, 127 Kan 68, 272 P. 99. The last case is the only one which supports the plaintiff's claim because in the other three cases there was no claim made of abandonment. The law is well settled that if a broker fails

to bring a customer to terms, merely ceases to make further endeavors to negotiate a deal with that particular individual and all negotiations in that direction are completely broken off and terminated, he will not be entitled to a commission if his employer subsequently renews negotiations with the same person and thus effects a sale without further effort on the part of the broker. 4 RCL 317; 8 Am Jur 1069; 9 CJ 621; 12 CJS 217; *Sibbald* v. *Bethlehem Iron Co.*, 83 NY 378, 38 Am Rep 441; *Chaffee* v. *Widman*, 48 Colo 34, 108 P 995, 139 Am St Rep 220; *Rosenfield* v. *Wall*, 94 Conn 418, 109 A 409, 9 ALR 1189; *Murphy* v. *Linsky*, 94 Conn 475, 109 A 412.

██ The question of abandonment depends upon the facts of the individual case. Here it was evidenced by the testimony of the plaintiff's representative Curtis that at the time Herwig made the offer of $4000, he asked him if he would put a deposit down on it and it was dropped at that time; that he saw Herwig a number of times afterwards but never said anything to him about the property; that he never conveyed Herwig's offer to the defendant and did not put the Herwigs and the defendant in contact with one another in any way. The defendant testified that she told Curtis she was very anxious to move the property, in fact that she had to move it and she would like him to get offers and report them to her and Curtis said he would; that when she first saw Curtis after he had demanded the commission Curtis told her Herwig made an offer of $4500 which he didn't consider worth reporting; that when she and Curtis met Herwig the latter said he had made Curtis an offer of $6000 which he had asked Curtis to report to the defendant and report back to Herwig whether the defendant would accept it or reject it; that Curtis agreed what Herwig said was so and admitted he was supposed to report offers to the defendant and that he hadn't. Herwig testified that his offer was $6000; that he requested Curtis to convey that offer to the defendant and report back to Herwig either yes or no and Curtis said he would; that Curtis mentioned nothing about a deposit; that he never heard from Curtis relative to the property again until after he purchased it. Mrs. Herwig's testimony corroborated that of her hus-

band. She further testified that at their conference with Curtis and the defendant Curtis told that the asking price was $8000 or $8500, which was new to her, that they had offered the ridiculous sum of $4000 and he had told us to put some money down and we hadn't done it so the matter was closed. Previous to finding number 10 the court had already found that after the end of the school year in 1948 the defendant had become very anxious to sell and informed the plaintiff's representative that she might be willing to take even less than the reduced price of $9500; that Curtis took the Herwigs to the property in July 1949; that the Herwigs asked Curtis to tell the defendant that they would give her, according to the testimony of the Herwigs, the sum of $6000, and according to the testimony of Curtis $4000 for the place; that Curtis did not think Herwig's offer was worthy of serious consideration, that it was so relatively low as to indicate a lack of genuine interest in the place and, therefore, he did not inform the defendant of Herwig's offer as previously directed by his principal, the defendant; he never brought the Herwigs and the defendant owner together; he made no attempt to put the Herwigs and the defendant into communication with one another so that they could negotiate. And in finding numbered 11 the court found that neither Curtis nor anyone else for the plaintiff ever made any further effort to sell the place to the Herwigs and the matter was never mentioned to the Herwigs again, although Curtis from time to time met Herwig on the street in Randolph. No exception was taken to any of these findings. So the finding excepted to is supported both by the evidence and by other findings. Where a finding is challenged upon the ground that it is without evidentiary support, it must stand if there is any legitimate evidence fairly and reasonably tending to support it. *Whitman* v. *Van Buren*, 117 Vt 170, 171, 86 A2d 550; *Hackel, Trustee* v. *Burroughs*, 117 Vt 328, 330, 91 A2d 703. So too, a challenged finding must stand if supported by other findings to which no exception was taken. *Gillespie* v. *Vermont Hosiery & Machinery Co.*, 109 Vt 409, 414, 149 A 564; *Travelers Insurance Co.* v. *Gebo*, 106 Vt 155, 164, 170 A 917; *Waterman* v. *Moody*

*and Rogers,* 92 Vt 218, 239, 103 A 325. The exception to finding numbered 10 is to no avail.

The plaintiff excepted to that part of finding numbered 15 which reads as follows: "Mr. Herwig told Mrs. Wooster just what occurred: of how he had submitted an offer to Curtis." because it is contrary to the evidence. The exception cannot avail the plaintiff because it is supported by the undisputed evidence of the defendant and both Mr. and Mrs. Herwig that Herwig while Curtis was present told the defendant what had occurred. The plaintiff misinterprets the finding and confuses what Herwig wrote with what Herwig said. It attempts to sustain the exception by claiming Herwig attempted to defraud the defendant which is not material here.

The plaintiff excepted to findings numbered 16 and 17 which are as follows: "16. The Court finds that this is not a case where the owner sold with knowledge of pending negotiations between the broker and purchaser. 17. The defendant sold to the Herwigs believing in good faith and for good cause that the Herwigs were not and could not be customers of the plaintiff." The plaintiff has briefed these exceptions by claiming that the findings are immaterial and irrelevant to any issue in the case, citing *Ranney* v. *Rock,* 135 Conn 479, 66 A2d 111, 112, 113, and *Williams* v. *Walker,* 95 NH 231, 61 A2d 522, and by claiming that it was only because of the defendant's negligence in failing to inquire if plaintiff had previously contacted Herwig that she did not know plaintiff had interested him in buying the property.

In the Ranney case the parties made the brokerage agreement on February 1, the broker brought the purchaser to the vendor on March 17 and on March 21 the purchaser made a written agreement with the vendor to buy at the same price which the vendor had given to the broker. The case holds that if a broker is in fact the procuring cause of the sale and would otherwise be entitled to a commission, he will not, as a general rule, be deprived thereof because the owner at the time of the sale did not know of the broker's instrumentality in procuring the purchaser. In the Williams case the parties made the brokerage agreement the last of July or the first of August, the broker contacted the purchaser on August 17,

and no binding agreement of sale was made until November 7, though the vendor knew of the broker's claim on September 13. In the case at bar the brokerage agreement was made on April 5, 1948; the plaintiff showed the purchasers the property in July 1949 but did not inform the defendant of the purchasers' offer as previously directed by the defendant. The trial court found without exception as follows: "12. Under date of June 19, 1950, Mr. Herwig wrote directly to the defendant regarding the purchase of the property, asking for her lowest possible price. 13. At the time of receiving this letter the defendant was completely unaware that the Herwigs had been approached the year before, or at any time, by Curtis with respect to the purchase of the property. As a result of this correspondence the defendant and the Herwigs came to terms, the price of $6500 being agreed upon. 14. Thereafter the defendant wrote the plaintiff as previously found, under date of July 7, 1950. On July 8, 1950, the plaintiff replied by letter dated July 8, 1950, claiming that the Herwigs were its customers and claiming a commission for the sale." From the above facts it is plain that under the circumstances findings numbered 16 and 17 were both material and relevant to the issues in the case, and that the defendant's lack of knowledge that the plaintiff had contacted the Herwigs was not solely because of the defendant's negligence but because the plaintiff had neglected to inform the defendant. The plaintiff's brief cites *Bradley* v. *Blandin*, 91 Vt 472, 100 A 920, as authority for the statement that the principal's good faith is essential to his valid revocation of a contract for broker's commission. That case is not in point because in the instant case the trial court found that the defendant believed in good faith and for good cause that the Herwigs were not and could not be customers of the defendant. The exceptions to findings numbered 16 and 17 are of no avail.

The plaintiff excepted to finding numbered 21 which follows: "In the circumstances of this case the Court is not persuaded by a fair balance of the evidence that the plaintiff was the procuring cause of the sale," because the undisputed evidence shows that the plaintiff first interested

the Herwigs in buying the defendant's property. In the circumstances of this case as found by the trial court the fact that the plaintiff first interested the Herwigs in buying the property was not enough to constitute the plaintiff the procuring cause of the sale. *Bossart* v. *Erie Coal Mining Co.*, 276 Pa 63, 119 A 731, 732.; *Sibald* v. *Bethlehem Iron Company*, 83 NY 378, 38 Am Rep 441; *Chaffee* v. *Widman*, 48 Colo 34, 108 P 995, 139 Am St Rep 220, 224. The contract states that its consideration is the listing of the property and the continued endeavor of the plaintiff to sell it. The plaintiff lost its right to a commission by discontinuing its endeavor to sell the property to the Herwigs without informing the defendant of the Herwig's offer to buy and without bringing the Herwigs into communication with the defendant or notifying her that it claimed the Herwigs as its customers. Eleven months later the sale was made. The trial court's statement was warranted by the circumstances and the exception is not sustained.

The plaintiff's last exception to the findings is to the last paragraph, numbered 22, reading as follows: "By reason of the fact that the plaintiff did not act in obedience to his principal's direction and has not shown that it was the procuring cause of the sale, the defendant should not be held liable in this action." Because the plaintiff acted according to the terms of the contract, first showed the property to the Herwigs, continued to try to sell it, and that it was because of the plaintiff's dealings with the Herwigs that the property was subsequently sold. The finding is a conclusion of law but is supported by the facts already found so no error can be predicated upon it. *Travelers Insurance Co.* v. *Gebo*, 106 Vt 155, 164, 170 A 917; *Schwarz* v. *Avery*, 113 Vt 175, 180, 31 A2d 916.

The plaintiff has briefed its exceptions to the trial court's failure to find as requested in part of its requests numbered 14, 17, 18, 21, and 22 reading as follows: "14. that during the discussion between Herwig and the defendant, she directly inquired of Mr. Herwig if he and his wife had contacted any real estate brokers to which Mr. Herwig replied that he had not contacted any real estate agents, fully realizing at that

time that this reply was not true. 17. The defendant replied to Orville Curtis the agent of the plaintiff that the Herwigs had informed her at the time of the sale that they had had nothing to do with any real estate agents and would obtain confirmation of this fact from Mr. Herwig, to whom she wrote. 18. In reply to Mrs. Wooster's letter Mr. Herwig wrote to Mrs. Wooster admitting that Orville Curtis had taken him and his wife to the place and stated that he had submitted an offer to Curtis, and in the same letter instructed her not to pay any commission to the plaintiff on the sale although he had never seen the contract and did not know the terms of same. 21. It was immaterial if the defendant did direct the plaintiff's representative to notify her of all offers for the place for the reason that she could not alone alter the written contract [See Plaintiff's Exhibit No. 1, last paragraph] without the consent of the plaintiff and there was no evidence that this additional condition was accepted by the plaintiff. 22. Justice requires that this Court find by a fair balance of the evidence that the plaintiff was the direct, and at least indirectly, the procuring cause of the sale having produced a customer ready and willing to buy at a price, namely $6500.00 which the defendant was willing and did accept, and that the said plaintiff recover his commission of $325.00 together with costs against the said defendant."

 The plaintiff claims request 14 is material upon the issue of the fraudulent plan of Herwig to purchase the property directly and save the broker's commission. The plaintiff's suit is one of assumpsit on an express contract. The defense was on the general issue. Herwig is not a party and his fraud is not an issue in the case. The plaintiff cites *Williams* v. *Walker*, 95 NH 231, 61 A2d 522 at 525. On the point now being considered that case holds that consciousness on the part of the buyer that the broker was or might be the effective cause of his willingness to buy would be relevant evidence of the fact of the broker's being so and the avoidance of the broker and attempt to prevent knowledge on the part of the vendors that the broker had worked on the sale could be found by the jury to be due to a desire on the part of the purchaser to save the broker's commission. The defendants

had moved for a non suit and a directed verdict which were denied; the opinion affirmed the action of the trial court in denying the motions and rendering judgment for the plaintiff on the jury's verdict. There the broker continued her efforts and the vendors knew of the broker's claim nearly two months before the sale to the purchaser. Here the plaintiff failed to notify the defendant of the purchaser's offer and abandoned the purchaser as a prospect. The sale was made nearly ten months later and before the plaintiff notified the defendant that it claimed the purchaser as its customer. The requested finding related to matters of evidence, solely for the consideration of the trial court, and since the ultimate fact in issue was found, error does not appear in the failure to state the effect given to subordinate facts or to report evidence. *Holton Estate* v. *Ellis*, 114 Vt 471, 483, 485, 49 A2d 210; *Taylor* v. *Henderson*, 112 Vt 107, 116, 22 A2d 318. Moreover the effect claimed for the request was inconsistent with the ultimate finding and so the request was immaterial and its refusal was harmless as it is not error to refuse requests inconsistent with the facts found as against the exceptions taken to them. *Nelson* v. *Travelers Ins. Co.*, 113 Vt 86, 99, 30 A2d 75; *Boyd* v. *Hartford*, 112 Vt 503, 512, 28 A2d 411.

That is also true regarding requests numbered 17, 18, 21 and 22. In support of request 22 the plaintiff cites *Rogers & Cole* v. *Cole*, 99 Vt 239, 131 A 12 and *Fairbanks* v. *Frank*, 107 Vt 45, 50, 176 A 294. In the Rogers & Cole case the brokers introduced the purchaser to the vendors, and the negotiations thus begun continued clear up to the time the sale was consummated—a period of about sixty days. No claim was made that the vendors terminated or attempted to terminate their contract with the brokers, or that the brokers abandoned it. In the Fairbanks case the broker talked with the purchaser several times in an attempt to sell the property to him. He did so two or three times in June 1933 and during that summer and before the place was deeded told the vendor that the prospective purchaser was his customer and if the farm was sold to him, he, the plaintiff, would expect a commission on the sale. To this the defendant agreed. As a result of the plaintiff's efforts, the farm was deeded to the

plaintiff's customer on September 7, 1933. The facts are so different than as found by the trial court in the present case that the cases cited do not control here. The exceptions to the failure to comply with the requests to find do not avail the plaintiff.

 The plaintiff has stated several grounds of claimed error in support of its exception to the judgment. All but one have been disposed of adversely to the plaintiff in what we have said regarding the exceptions to the findings and failure to find, and as to them repetition would serve no useful purpose. An exception to the judgment does not reach back of the findings. *Duchaine* v. *Zaetz*, 114 Vt 274, 276, 44 A2d 165; *Rothfarb* v. *Camp Awanee, Inc.*, 116 Vt 172, 175, 71 A2d 569. The only remaining ground is that the findings of fact do not sustain the judgment. In considering an exception to the judgment the only proper question is whether the judgment is supported by the facts found. *Barre City Hospital* v. *Town of St. Johnsbury*, 117 Vt 5, 6, 83 A2d 600; *Duchaine* v. *Zaetz*, 114 Vt 274, 276, 44 A2d 165. Among other findings which support the judgment and were vital to the plaintiff's case were the failure of the plaintiff to obey the directions of the defendant, the abandonment by the plaintiff of its efforts to negotiate with the purchaser and the failure by the plaintiff to show that it was the procuring cause of the sale.

*The judgment is affirmed.*

NOTE: This case was originally assigned to Mr. Justice Cushing and after his retirement re-assigned to Mr. Justice Cleary.