# Harold McBrine v. Edgar Fraser

[266 A.2d 809]

No. 133-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 2, 1970

*Matthew J. Caldbeck,* St. Johnsbury, for Plaintiff.

*Theriault & Joslin,* Montpelier, for Defendant.

**Keyser, J.** On August 14, 1966, the plaintiff was a passenger in the back seat of a motor vehicle being operated easterly on town road No. 29 in the town of Newark by one Raymond Allard. The defendant, Edgar Fraser, was operating his car westerly along State Highway No. 114, which intersects the town road. The cars collided at the intersection causing plaintiff to be seriously injured. The plaintiff brought suit to recover damages alleging that his injuries resulted from the defendant's careless and negligent operation of his vehicle.

On trial, the jury returned a verdict for the defendant. The plaintiff filed a motion to set aside the verdict and for a new trial on the ground that certain questions asked of the plaintiff in cross-examination were "not only highly improper, irrelevant and immaterial but prejudicial in the extreme" and deprived plaintiff of a fair trial.

The majority of the court denied plaintiff's motion to set aside the verdict and entered judgment for the defendant. The presiding judge, Honorable Harold C. Sylvester, disagreed with the decision of the majority stating "The questions quoted above were immaterial, irrelevant, improper, prejudicial, and in violation of 12 V.S.A., Section 1608, as amended. I would set the verdict aside and order a new trial."

The case is here on appeal by the plaintiff from the denial of his motion and the judgment.

By his appeal the plaintiff contends that certain questions propounded of him in cross-examination by defendant's counsel were so prejudicial that they circumscribed his right to a fair trial. These questions and his answers thereto were as follows:

"MR. JOSLIN:

Q Now, Mr. McBrine, are you accustomed to having a drink frequently? A. Yes, I have beer sometimes.

Q And in the past you have had problems with drinking too much? A. I don't know what you mean 'problems', sir.

Q You lost your license twice for D.W.I.? A. That's right. Yes.

Q And you want us to understand that on this day in question you drank sometime in the forenoon until you left only two Dixie cups of beer? A. That's right."

The subject matter of liquor involving the plaintiff was first injected into the case by defendant's counsel in his cross-examination of the state trooper. The witness was asked whether he observed plaintiff's condition, whether any liquor was involved. He replied he observed an odor of alcoholic beverage. The deposition of Mr. Allard's wife had been taken in connection with a pending law suit which she had instituted and in the cross-examination of Mr. Allard he was asked whether Mrs. Allard stated in her deposition that Mr. McBrine had been drinking. This question on objection was excluded. The only witness in defense was the defendant. During his direct examination, counsel also asked him as to an odor of beer on the plaintiff. His reply was that the odor was in the car.

■ The plaintiff did not challenge by exception the questions complained of when asked at the time of trial. The defendant claims that plaintiff's failure to so respond constituted a waiver of any claim of error. Ordinarily this is true and plaintiff would have to assume the responsibility for whatever prejudice to his case derived from this evidence. *Rash* v. *Waterhouse*, 124 Vt. 476, 477, 207 A.2d 130. However, the question of prejudice is properly reached by plaintiff's motion to set aside the verdict and for a new trial and is for our consideration.

■ It is said in *Paul* v. *Drown*, 108 Vt. 458, 461, 189 A. 144, that an offer of improper evidence does not always require a reversal, for much depends upon the character and importance of the offered evidence and the good or bad faith of counsel, and each case must be judged on its own circumstances. But if incompetent and immaterial testimony is offered, with knowledge of its character, and for the purpose of prejudicing the jury, it is error to permit the offer to stand unrebuked.

It is to be noted that the questions propounded by defense counsel are wholly unrelated and immaterial to any issue in the case. The line of questioning by counsel indicated an unde-

niable attempt to characterize the plaintiff as a person having a serious drinking problem and thus put his character in bad repute before the jury.

The defendant argues that it is unlikely that a lay juror would even understand the reference to "D.W.I." We cannot assume this to be true; in fact, the assumption is strictly to the contrary. The two convictions for D.W.I. have serious implications and the injection of this evidence into the case was highly improper and prejudicial. The natural and inherent effect upon the minds of the jury concerning the evidence of these two offenses unrelated as they were to the plaintiff's claim for damages for his injuries could only have been to generate prejudice against the plaintiff's case.

The questions suggest that it may very well be that irreparable prejudice had been caused before the court or the opposing counsel could intervene, and thereafter any attempt by the court to remove it from the case would have been futile, for here the effective control is for the examining counsel and not for the judge. *Ronan* v. *Turnbull Co.*, 99 Vt. 280, 291, 131 A. 788.

It is no answer to say that the plaintiff was not harmed for the prejudice inhered in the questions themselves. Here, as was said in *Niebyski* v. *Welcome*, 93 Vt. 418, 423, 108 A. 341, "We are forced to the conclusion that he (examining counsel) momentarily let his zeal outrun his better judgment."

The court did not charge the jury to disregard the evidence in question and, even if it had done so, it would only have emphasized the evidence and not have corrected the error since the harm, once done, is not necessarily erased from the minds of the jury. *State* v. *Garceau*, 122 Vt. 303, 307, 170 A.2d 623.

There was no question of impeachment of the plaintiff involved under 12 V.S.A. § 1608. The questions had no relation to credibility. Neither did they have any legal relevancy to defendant's claim of contributory negligence on the part of the plaintiff nor to any issue.

■ The denial of plaintiff's motion invoked the discretion of the trial court and we are bound to accord to the ruling all possible presumptive support. *Grow* v. *Wolcott*, 123 Vt. 490, 494, 194 A.2d 403. The denial of the motion will not result in

reversible error unless the rights of the plaintiff are injuriously affected. *State* v. *Levine*, 117 Vt. 328, 91 A.2d 682.

■ The questions brought to the attention of the jury facts which were not for their consideration and for the purpose of influencing their decision. This was improper, and is such an offense against orderly procedure and good practice that it constitutes reversible error. *Paul* v. *Drown, supra,* at p. 462. In this situation an exception to the evidence at the time the questions were propounded would have been merely an exercise in futility.

How the jury would have resolved the real issue of the defendant's liability if the impact of the prejudicial and incompetent evidence had not been applied is at best a matter of conjecture. Under the circumstances plaintiff's right to a fair and impartial trial, free from this influence, could only be protected by affording him a new trial. *State* v. *Garceau, supra,* at p. 307.

In addition, the defendant asserts error by the court below by its denial of his motion for a directed verdict made at the close of all of the evidence.

■ In considering defendant's motion, we not only view the evidence in the light most favorable to the plaintiff but also we exclude any modifying evidence. All conflicts are resolved against the defendant. The motion cannot be granted if there is evidence fairly and reasonably tending to support plaintiff's claim. *Valente, Guardian* v. *Comm. Ins. Co.,* 126 Vt. 455, 457, 458, 236 A.2d 241. The tendency of the evidence, not its weight, is to be considered and contradictions and contrary inferences are for the jury to resolve. *Berry* v. *Whitney,* 125 Vt. 383, 387, 217 A.2d 41.

The record clearly demonstrates a conflict in the testimony of the witnesses as to the cause of the accident and the negligence of the defendant. The defendant acknowledges in his brief that there was evidence given by Mr. Allard, the driver of the vehicle in which the plaintiff was riding, which bears on the question of defendant's negligence. Defendant's argument is that the testimony of Mr. Allard concerning the facts surrounding the accident is "incredible and inherently beyond belief" and will not support any finding of negligence. In other words, the defendant is arguing the weight of the testimony.

It is evident from our examination of the record that the evidence was conflicting on the question of defendant's negligence. In this circumstance it was a question of fact for the determination of the jury. Hence, the trial court was not in error in denying defendant's motion for a verdict in his favor. *Crawford* v. *Lumbermen's Mutual Casualty Co.*, 126 Vt. 12, 16, 220 A.2d 482.

*Judgment reversed.*