## Michael Melford v. S. V. Rossi Construction Co., Inc.

[287 A.2d 577]

No. 80-71

Present: Shangraw, Barney, Smith and Keyser, JJ., and Hill, Supr. J.

Opinion Filed February 1, 1972

*Bloomer & Bloomer,* Rutland, for Plaintiff.

*Donald M. French,* Rutland, for Defendant.

**Shangraw, J.** This suit is for the recovery of alleged injuries claimed to have been sustained by the plaintiff when a 1960 Ford automobile which he was operating in a northerly direction on Route 103 north of Ludlow, Vermont, came into collision with a pile of dirt on a highway relocation project on this route. Plaintiff also seeks to recover for loss of earnings together with sums of money paid out for medical and hospital treatment.

During the afternoon of August 8, 1965, plaintiff had left Boston, Massachusetts, and was on his way to Brandon, Vermont. The accident occurred during the evening at about eleven o'clock. It was rainy and foggy at the time. Plaintiff had no passengers in the car and there were no witnesses to the accident.

The defendant, in the process of construction at the intersection of Routes 103 and 100, had piled dirt in the highway at the point of collision. Defendant introduced evidence that there were ten to fifteen flares burning along the construction route before reaching the accident site, together with signs indicating that the road was under construction. There was also a barricade painted yellow and black at the pile of dirt with an arrow sign to direct traffic onto the old road.

At about nine-thirty on the same night six or seven miles south on Route 103, plaintiff was involved in another accident with an automobile operated by John Paul Brodeur. Trial was

had in the Rutland County Court and the jury returned a verdict in favor of the defendant on April 21, 1971. Judgment was entered thereon for the defendant. The plaintiff has appealed to this Court.

The limited issues briefed by the appellant relate to the reception by the trial court of certain evidence which was objected to by him. The first issue as framed by appellant reads:

> "Is the plaintiff's narration in an accident report filed with the State of Vermont concerning a prior accident which was unconnected with the accident under consideration admissable (sic) in evidence over objection of the party making the same?"

The foregoing relates to the report made by the plaintiff to the Commissioner of Motor Vehicles, State of Vermont, of the Brodeur accident.

■ Generally, evidence of a driver's previous accident is inadmissible in a civil action arising out of a motor vehicle accident, since such evidence is considered immaterial in the determination of the driver's negligence on the occasion in question. 8 Am.Jur.2d *Automobiles and Highway Traffic* § 943; *Nones* v. *Northouse,* 46 Vt. 587, 592, 593 (1874) ; *Ronan* v. *Turnbull Co., et al.,* 99 Vt. 280, 290, 131 A. 788 (1926). Likewise, evidence of speeding on other occasions has been held improper. *Loomis, et al.* v. *Abelson,* 101 Vt. 459, 461, 144 A. 378 (1929).

The report made by the plaintiff of the Brodeur accident, Def. Ex. "B", was offered in its entirety by the defendant and admitted in evidence. Plaintiff's objection to its admission was limited to only such portion thereof as related to what actually happened which reads as follows: "Coming around a curve in the rain my rear wheels skidded. As I tried to control the car I swiped the side of vehicle 2 and ran off the road to the right." Later, plaintiff moved to strike the foregoing narrative portion of the report as being prejudicial evidence. This motion was denied by the trial court.

Plaintiff reported that his operating speed at the time of the Brodeur accident was between 35 and 40 miles per hour. It

was rainy and foggy at the time. He also stated in his report, dated August 9, 1965, that no personal injuries were sustained by him. The report revealed the damage done to the two cars.

.Later, during the trial, the defendant attempted to introduce additional evidence as to how the Brodeur accident occurred. Objection to this line of inquiry was made by the plaintiff and the court declined to receive further evidence on this issue. It then limited examination by the defendant as to injuries, if any, sustained by the plaintiff at that time, his memory of events which occurred, the weather conditions, damage and force of the impact. By so doing the trial court apparently had some misgivings concerning its former ruling by having admitted the narrative portion of the report without limitation as to its purpose.

Notwithstanding the foregoing, plaintiff's report of the Brodeur accident, which included the narrative portion thereof, had already been received in evidence over the objections of the plaintiff. The die was cast.

Plaintiff claims that the receipt in evidence of that portion of Def. Ex. "B" relating to what happened at the time of the Brodeur accident and objected to by him was immaterial, irrelevant, prejudicial and grounds for a reversal.

The narrative portion of plaintiff's report of that accident states that "my rear wheels skidded." The mere fact that an automobile skids does not of itself constitute negligence. *Johnson* v. *Burke, et al.*, 108 Vt. 164, 168, 183 A. 495 (1936) ; *Baldwin* v. *Vermont Railways*, 126 Vt. 70, 74, 75, 223 A.2d 556 (1966). No comment was made by the lower court in its charge to the above effect and none was requested by the plaintiff. Had the court done so the possible inference of plaintiff's negligence might well have been dispelled.

Following is the second issue presented for our consideration as framed by the plaintiff:

> "Should a state police officer be allowed to testify concerning a prior accident of the plaintiff, to the effect that he told the plaintiff to report back to him, but that the plaintiff failed to do so?"

Gerald Lefeveur, a Vermont State Police Officer, testified that during the evening of August 8, 1965, he investigated the Brodeur automobile accident. Mr. Lefeveur observed both vehicles following the accident. From such observation and conversation with the plaintiff and Mr. Brodeur he was satisfied as to the cause of the accident.

By reference to the transcript next appears the following cross-examination of Mr. Lefeveur by the defendant:

"Q. And then you said that you let Mr. Melford, I forgot just your exact words, but to go his way.

A. Yes.

Q. And also Mr. Brodeur?

A. Yes.

Q. Was either one supposed to report back to your or—

Mr. Bloomer: Object Your Honor, we are once again getting into the phase of liability.

The Court: We will take the answer.

A. Yes.

Q. Which one?

Mr. Bloomer: Object Your Honor.

The Court: We will take the answer.

A. Mr. Melford.

Q. Did he ever do that?

Mr. Bloomer: Object Your Honor.

The Court: We think this bears on the question of memory, we will take the answer.

Mr. Bloomer: On the question of what?

The Court: Memory.

Mr. Bloomer: The police officer's memory?

The Court: No, the plaintiff's memory.

A. No, he did not."

Plaintiff contends that by the admission of the foregoing testimony of Mr. Lefeveur the only inference to be drawn therefrom was negligence on the part of the plaintiff and prejudicial to his cause.

The Brodeur accident was completely unrelated to the accident involved in this litigation. Whether he reported back to the officer, or did not, had no bearing on the issues in the

case now considered. The questions suggest that they may very well have prejudiced the jury.

It is no answer to say that the plaintiff was not harmed for the prejudice inhered in the questions themselves. See *McBrine* v. *Fraser*, 128 Vt. 514, 266 A.2d 809, 810–11 (1970).

We have reviewed the record in detail. It is replete with evidence concerning the Brodeur accident, too much so. From the general tone of the evidence, the extent to which it applies to that accident, and the combined impact of the evidence to which plaintiff assigns error, we hold that the plaintiff should be afforded a new trial.

*Judgment reversed. Cause remanded.*