## Janes & Jacob Real Estate, Inc. v. Dave's Automotive, Inc. and David W. Carlson

[552 A.2d 380]

No. 86-264

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed June 24, 1988

*Kolvoord, Overton & Wilson*, Essex Junction, for Plaintiff-Appellant.

*Robinson & Austin*, Colchester, for Defendant-Appellee.

**Allen,** C.J. This is an action to recover a broker's commission on the sale of a parcel of real estate in Williston. Plaintiff and defendants entered into two listing agreements: the first for the real estate, and the second for the car repair business located on the real estate. The trial court found that no commission was due

because the second agreement had cancelled the agreement to list the real estate. We affirm.

Defendants are a corporation, Dave's Automotive, Inc., and David Carlson, the president and primary shareholder of the corporation. Throughout the instant transactions, Carlson acted on behalf of the corporation. Lloyd Krantz, a broker and employee of plaintiff, acted on behalf of plaintiff. In January of 1979, Carlson spoke with Krantz about selling both the repair business and the real estate. Carlson concluded that he would be unable to find a buyer for both, so he decided to sell the real estate and keep the business. In February of that year, Carlson entered into an agreement with plaintiff to list the land and buildings for sale, on the condition that they be leased back to the business, Dave's Automotive, Inc. The agreement also provided that Krantz would receive a commission on the sale of the real estate of ten percent of the purchase price up to $150,000, and six percent of the purchase price over $150,000.

Thereafter, Carlson discovered that Dave's Automotive, Inc. would have to pay a substantial capital gains tax if it sold the real estate and, as a result, he decided not to sell it but to sell the business instead. He sent a hasty memorandum to plaintiff just before leaving for a trip to Florida, authorizing plaintiff, represented by Krantz, to list Dave's Automotive, Inc. for sale, until a detailed listing agreement could be signed. He stated in the memorandum: "This does not include bldgs." Upon return from his trip, Carlson and plaintiff signed a new agreement listing the repair business for sale. The agreement did not mention the real estate. It provided that Krantz was to receive a commission of ten percent of the purchase price on the sale of the business.

Krantz and Carlson later signed a purchase and sale agreement for the business with David Flagg. This agreement provided that Flagg would buy the business and receive a lease for the premises, for at least ten years, with an option to purchase the real estate after the seventh year at the fair market value of the property at the time the option was exercised. At the closing, Flagg and Carlson executed a lease with an option to buy, as provided for in the purchase and sale agreement. Plaintiff received a commission of ten percent of the purchase price of the business.

After the closing, Krantz informed Carlson that plaintiff would be entitled to a commission if the option to purchase was exercised. Carlson disagreed, stating that he would not have gone

through with the sale of the business if he had thought Krantz would be getting a commission on the sale of the real estate sometime in the future.

Approximately five years after the closing, Carlson executed a tax-free exchange of property so that Flagg Enterprises, Inc., a corporation formed by David Flagg and his wife, could acquire the premises. This transaction occurred two years before Flagg had a right to exercise the option in the purchase agreement.

Plaintiff commenced this action to recover the broker's commission on the sale of the real estate to Flagg Enterprises, Inc. The trial court entered judgment for defendants. Plaintiff appeals, challenging several of the trial court's factual findings as well as the conclusion that the agreement listing the business cancelled the agreement listing the real estate.

■ "Findings rendered by the trial court will not be set aside unless, taking the evidence in the light most favorable to the prevailing party, and excluding the effect of modifying evidence, they are clearly erroneous." *Bruntaeger* v. *Zeller*, 147 Vt. 247, 250, 515 A.2d 123, 125 (1986). Here, the findings challenged by plaintiff have adequate support in the record and are not clearly erroneous.

Plaintiff challenges the trial court's finding that Carlson decided to keep the real estate and sell the business and "signed a memo to that effect just before leaving for Florida." The memorandum signed by Carlson stated that the authorization to list the business did not include authorization to sell the buildings. Carlson testified that he had no intention of selling the real estate once he learned the tax consequences of such a sale and that he talked to Krantz about his "change of heart." The trial court's finding that Carlson changed his mind and signed a memo to that effect is supported by the evidence and is not clearly erroneous.

Plaintiff's other challenges to the trial court's findings relate to issues not material to the disposition of the case and need not be resolved.

■ Next, plaintiff argues that the trial court's conclusion that the second agreement cancelled the first was erroneous. We conclude that the trial court correctly ruled that plaintiff is not entitled to a commission on the sale of the real estate, but we arrive at our conclusion for a slightly different reason than the one followed by the trial court.

Krantz was obliged to prepare the contracts to comport with Carlson's desires. "A broker is but an agent, and is bound to follow the directions of his principal." *E.A. Strout Realty Agency, Inc.* v. *Wooster*, 118 Vt. 66, 70, 99 A.2d 689, 692 (1953). Krantz had a duty to carry out his efforts on behalf of defendants with reasonable skill and care. See *Sullivan* v. *Jefferson, Jefferson & Vaida*, 167 N.J. Super. 282, 286-87, 400 A.2d 836, 838 (App. Div. 1979). Having been informed of Carlson's change of mind and his decision to sell the business and not the real estate, it was incumbent upon Krantz to draft the second agreement to accurately reflect this intention. Compliance with the principal's intentions would have resulted in a termination of the listing for the real estate and a termination of plaintiff's entitlement to a commission for its sale. The failure to do so causes him to forfeit any commission due. See *Reich* v. *Christopulos*, 123 Utah 137, 143, 256 P.2d 238, 241 (1953). Krantz failed to comply with Carlson's wishes regarding the listing of the real estate and is not entitled to the broker's commission.

*Affirmed.*